D. Barker

*vs.*

O. Walbridge.

In an action brought before a justice of the peace, by a landlord against his tenant, to recover possession of rented premises, for non-payment of rent, and removed by appeal to the district court, an appeal to this court, will lie from the judgment of the district court.

A debtor holding his creditor's over due promissory note has no right to tender it in payment of his debt.

In this action the note is not an equity within the third subdivision of *Sec.* 79, *Chap.* 66, *General Statutes,* unless it be shown that there is no adequate remedy by an action on it.

In this action the note is not a counter claim, under the first or second subdivision of *Section* 80 of the same chapter. When a party asks leave to amend his pleading, he must inform the court in what particular he desires to amend it, otherwise there is nothing for the court to exercise its discretion upon.

An appeal is taken in this case, by defendant, from an order of the district court for Steele county, denying his motion for a new trial, after verdict for plaintiff. The case is fully stated in the opinion of the court.

Searles & Hickman and W. D. Webb for Appellant.

The note should have been admitted in evidence, as the tender of a creditor's own over-due note is equivalent to a tender in money. 2 *Parsons on Contracts,* 154, *note* " a "; *Folly vs. Mason,* 6 *Md.,* 37. It is on this principle that our whole law of set-off is based.

The plaintiff cannot, by changing his *form* of action, deprive the defendant of his right of set-off or counter claim. The right of set-off or counter claim does not depend upon the *form* of action, but on the nature of the demands. The test is, if a suit can be maintained on the contract for the recovery of money, the defendant may have the benefit of a counter claim, and the plaintiff, by seeking a different remedy, cannot deprive him of this right. *Folsom vs. Carli*, 6 *Minn.*, 420 ; 15 *Wend.*, 51 ; 5 *John*, 105 ; 1 *East.*, 375 ; *Myers vs. Burns*, 35 *N. Y.*, 269 ; *Taylor's Landlord and Tenant*, sec. 495, *and cases cited in note* 1 *to that section.*

Our courts of law may exercise equity jurisdiction, and not only should the court have permitted the answer to have been amended, if it was defective, but should have admitted the note, as well, in furtherance of justice, as it should also have been admitted as a counter claim. *See note* 1 *above cited ;* 6 *Minn.*, 420 ; 12 *Minn.*, 221, *and especially* 227 *et seq.*, *Rev. Stat.*, 450, *sec.* 1. The statute of set-off and counter claim is intended to diminish litigation and consolidate actions, not to disperse them—is intended to include all actions arising *ex contractu.* 6 *Minn.*, 353 ; 12 *Minn.*, 227, *et seq. ;* 2 *Ker.*, 165, 6–8.

The complaint alleges rent due. The answer denies it, and sets up the plaintiff's own note as a defense or counter claim. Simple justice would require that it be allowed. *Rev. Stat.*, *p.* 460, *sec.* 79. The note not being denied must stand admitted. *R. S.*, 461, *sec.* 84. The demand for rent is simply an indebtedness, nothing more. It is liquidated in amount. So is the note. Here is an issue formed. What is it ? Simply this : Does the tenant owe the lessor ? The *nature* of the debt is not the issue, nor is it of the *essence* of the issue. 9 *Wis. R.*, 160 ; *Atwater vs. Schenck*, 9 *Wis.*, *on the top of page* 166.

Barker v. Walbridge.

The question being in this case, whether the lessee is indebted to the lessor, for rent, and it being determined in this action that he is, when an action is brought on the lease to recover the rent, how can the question be again litigated? Would not this suit be a bar to any defense we might interpose? It would be between the same parties. It would be the same question. Would anything be a defense except payment, after this adjudication? And would it not be even questionable whether we could sustain an action on the note? 1 *Denio*, 33; 2 *Seld.*, 6 *N. Y.*, 37.

The note is a counter claim in this action and should have been admitted as such, and the court should have so charged. *Sub-div.* 3, *sec.* 79, *p.* 460, *R. S.*, under which relief, equitable or otherwise, shall be granted. *See section* 80, *on page* 460, *R. S.* What objection to allowing it as counter claim? It avoids multiplicity of suits, and the spirit of that statute is to avoid circuity of action. 13 *Wis.*, 522; 14 *id.*, 54; 20 *id.*, 381, *particularly on page* 358 *of that case;* and see *Blair vs. Claxton*, 18 *N. Y.*, 529.

The court should have received the note in evidence in furtherance of justice. The answer was sufficient, and if not he should have permitted an amendment. He had the power to do so, but did not permit the amendment because he supposed he did not possess the power. *Rev. Stat., p.* 463, *sec.* 104; *id.* 485, *sec.* 246; *Audubon vs. Excelsior Ins. Co.*, 27 *N. Y.*, 216, *particularly* 219; *Lawrence vs. Vilas*, *above cited in* 20 *Wis. R.*, *on page* 388.

AMOS COGSWELL, and GORDON E. COLE, for Respondent.

I.—The proceedings under the forcible entry and detainer act are of a special and statutory character, unknown at the common law, are necessarily summary, and no appeal

Barker v. Walbridge.

lies unless expressly conferred by statute. The statute authorizes an appeal to the district court only, resembling, in this respect, the mill-dam act and the charter of the Minnesota Central R. R., under both of which this court has held that the only method of reaching this court is by *certiorari*. *Secs.* 13, 14 *and* 16, *Chap.* 84, *Gen. Stat.* ; *Craig's Special Proceedings*, 461 ; *McNamara vs. Minn. Cent. R'y Co.*, 12 *Minn.*, 388 ; *Minn. Cent. R'y Co. vs. McNamara*, 13 *Minn.*, 508 ; *Faribault vs. Hulett*, 10 *Minn.*, 30 ; *Turner vs. Holleran*, 11 *Minn.*, 253.

II.—Most of the cases cited by defendant have no application to the case at bar, being merely cases illustrating the character of the counter-claim as allowed by the code. In the case at bar, no counter-claim nor equitable defense of any kind was pleaded, the answer presenting the simple question, whether tender upon the day the rent became due, and subsequently bringing into court, not gold or silver coin nor legal tender currency, but the promissory note of the lessor, was a sufficient performance of the covenant in the lease, so as to prevent the condition of re-entry from attaching.

This issue we were prepared to meet, but we were not presumed to be prepared to meet a new and altogether different issue, for the first time tendered by an amendment offered after the trial had commenced. Hence, the court, in the exercise of a sound discretion, refused to permit an amendment.

From rulings within the discretion of the court no appeal lies unless for its abuse.

III.—But if this were a proper subject of review, or a counter-claim had been pleaded in the first instance, the promissory note set forth in the answer could by no means have been pleaded as a counter claim in this action.

Barker v. Walbridge.

1st, Because the provisions of the code do not apply to special proceedings of this nature, and the matters which may be pleaded in defense are expressly prescribed by the statute, viz., matters of excuse, justification and voidance. *Sec.* 18, *Chap.* 84, *Gen. Stat.*

2d, The code, if applicable, has not effected any radical change in the law, or subverted the ancient rules of pleading, but simply modified the modes of seeking the remedy. It has embraced in its provisions set off, recoupment and equitable set off or whatever matters could prior to the code have been made the subject of a cross bill.

The note in suit certainly could not be pleaded as a set off; the action is not one of contract, but is a special proceeding to remove a tenant. A set off can only be pleaded in suits for money demands. It cannot be pleaded as a counter-claim or as an equity or equitable set off, because it does not arise out of, nor is it in any manner connected with the same transaction. *Secs.* 79, 80, *p.* 460, *Gen. Stat. ;* *Van Santvoord's Pleadings,* 564–5–6, 545 ; *Reed vs. Bank of Newburg,* 1 *Paige Ch.,* 215; *Folsom vs. Carter,* 6 *Minn.,* 420 ; *Edgerton vs. Page,* 20 *N. Y.,* 281 ; *Burns vs. Nevins,* 27 *Barb.,* 493 ; *Patterson vs. Richards,* 22 *Barb.* 143.

3d. The only real question in the case is, is the tender of the promissory note of the lessor on the day rent became due a performance of the conditions in the lease as to payment of rent, or is the failure and refusal to pay rent otherwise than by such note, a breach of the condition authorizing the lessor to re-enter. Upon this question there would seem to be no doubt ; nothing but gold or silver coin or legal tender notes could satisfy the condition. *Taylor on Landlord and Tenant,* 393–4 ; *Prest., &c., Hallowell & Augusta Bank vs. Howard,* 13 *Mass.,* 234 ; *Carey vs. Bancroft,* 14 *Pick.* 315 ; *Tuttle vs. Tompkins,* 2 *Wend.,* 408.

*By the Court*—GILFILLAN, Ch. J.—This was an action brought under *Chap.* 84, *Gen. Stat.*, before a justice of the peace, by a landlord against his tenant, to recover possession of rented premises, for non-payment of rent due, to the amount of $250.

The tenant alleges that when the rent came due he held plaintiff's over-due promissory note, on which was due $230, which, with $20 in money, he tendered in payment of the rent. The action went by appeal to the district court where plaintiff had a verdict. Defendant moved for a new trial, and from the order denying the motion, appeals to this court. The respondent here moves to dismiss the appeal, on the ground, that in such case an appeal to this court does not lie. We have no doubt that in an action brought under this chapter, the parties have the same right of appeal to the full extent, as in other cases tried before a justice of the peace, and are not limited to the appeal to the district court. The first question on the merits is, has a debtor who holds his creditor's over due promissory note the right to tender him the note and insist on its being set off against the debt? This question is decided in the negative in *Carey vs. Bancroft*, 14 *Pick.*, 315, and *Hallowell & Augusta Bank vs. Howard*, 13 *Mass.*, 234. In the last case the bank's own circulating bills were offered to pay a debt due it. The court said "Nothing is lawful tender but gold and silver. To permit the defendant thus to set off these promissory notes would be allowing cross demands to be set off in like manner in every case. The notes are nothing more than evidences of a right of action." The authorities in New York intimate that a solvent bank is bound to receive its own bills in payment of debts due it. There would be a propriety in requiring this of a bank, which does not exist with respect to the promissory notes of an individual.

Barker v. Walbridge.

Bank bills are issued as money, circulate as money, enter into the currency of the country, and, if current, are good as a legal tender, unless gold and silver be insisted on, and it would be but reasonable, that after giving them credit and currency as money, the bank should be required to receive them as such; but the promissory note of an individual is not issued, nor intended to circulate, nor circulated as money; no one receives it as such; it passes only as an evidence of debt; there is no greater reason for requiring the maker to receive and apply it upon demands due him, than exists as to any other debt which he owes. The matter of set-off, and the application of cross demands in satisfaction of each other, must be left to the courts when suits are brought on them, or to the agreement of parties.

The defendant further insists that the note should have been allowed as an equity under the third sub-division of *Sec.* 79, *Chap.* 66, *Gen. Stat.*, or a counter claim under *Sec.* 80. The answer does not set it up expressly for either purpose, but we will consider whether the facts stated show that it could be allowed as an equity, or counter claim. An equity, to come within the meaning of the third sub-division of section 79, must be one which, according to the rules governing courts of equity under the former system, would entitle the defendant to relief wholly, or in part, against the liability set forth in the complaint as the basis of plaintiff's action.

The test of its sufficiency " must be whether, had the same facts been presented by a bill in chancery, would that court have entertained the bill, and granted the relief sought here." *Gates vs. Smith*, 2 *Minn.*, 30. If such facts constitute a cause of action at law, it must be shown that in such action the party would not have an adequate remedy, otherwise he is left to follow his action at law. This answer

does not disclose that defendant could not collect the note by a suit upon it, and therefore shows no reason why a court should exercise its equity jurisdiction by setting the note off in satisfaction of the rent, the non-payment of which is the basis of plaintiff's cause of action. Is the note a counter claim in this action? The second sub-division of section 80 clearly refers to an action on contract for the recovery of money, and to a cause of action in favor of defendant, of a similar character, as a counter claim; to reciprocal money demands arising on the same or different contracts. This is not such an action as is intended by that sub-division. It is to recover the possession of real estate. The first sub-division of section 80, in regard to the actions in which a counter claim may be pleaded, is much broader than the second sub-division. Under it, in all actions (except, perhaps, those purely in tort,) whatever their form, there may be a counter claim, provided it comes within its definition. The counter claims intended by this sub-division, seem capable of division into two classes.

*First.* Construing the word " transaction," as referring not merely to an occurrence or act, but to some commercial or business transaction, or dealing—something in the nature of contract, (*Barhyte vs. Hughes*, 33 *Barb.*, 320,) perhaps a series of contracts with respect to the same business or subject (*Walker vs. Wilson*, 13 *Wis.*, 522; *Hall vs. Gale*, 14, *ib.*, 54); then in an action founded on a contract, or such a " transaction," a cause of action in defendant, arising out of that contract or " transaction," would belong to one class.

*Second.* In an action for or concerning a particular subject or thing, a cause of action in defendant, though not arising on any contract or transaction of the character described, if connected with such subject or thing so that the

Barker v. Walbridge.

determination of plaintiff's cause of action would not do exact justice without at the same time determining defendant's cause of action, would belong to a second class. *Thompson vs. Kessell*, 30 *New York*, 383.

The intention of the legislature is manifest, to facilitate the settlement of controversies between parties litigant, by allowing all such controversies, when connected by the same contract or transaction, or the same subject, to be tried and determined in one action, instead of several.

Further than that it is impossible to go without involving the trial of actions in such confusion that injustice must result. It is impossible to hold that this note is a counter claim in this action. It is a wholly independent cause of action.

After the note had been offered and excluded on the trial, the defendant asked leave of the court below " to so amend the answer as to enable him to invoke the equitable powers of the court." This presented nothing for the court to exercise its discretion upon.

When a party asks leave to amend his pleading, he must inform the court in what particular he desires to amend it.

The order appealed from is affirmed.