GEORGE PEARSON and Another, Respondents, *v.* GEORGE H. GERMOND and Another, Appellants.

*Summary proceedings to recover the possession of real estate — counterclaim of damages to stock in trade, through landlord's negligence.*

The injury to a tenant's stock in trade, sustained by reason of the failure of the landlord to promptly repair the leased premises in conformity with the provisions of the lease thereof, cannot be made a subject of counterclaim in summary proceedings brought to remove the tenant for the non-payment of rent, although it might be made the subject of counterclaim in an action brought to recover the rent.

Tenants have their election either to pay the rent or to restore possession of the demised premises when demanded, and the question to be determined in summary proceedings brought to recover the posssesion of real property, the answer to which controls the decision of the court, is, is there any rent due under the lease, and if there is, no matter how small the amount, then the landlord is entitled to the possession of the premises. ·

APPEAL by the defendants, George H. Germond and another, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Rockland on the 2d day of July, 1894, upon the decision of the court, rendered at the Rockland Special Term, reversing the judgment of a justice of the peace of the town of Orangetown, Rockland county, with notice of an intention to bring up for review upon such appeal the order of reversal entered in said clerk's office on the 29th day of May, 1894.

*Arthur S. Tompkins,* for the appellants.

*Chas. P. & William W. Buckley,* for the respondents.

BROWN, P. J. :

This was a summary proceeding commenced before a justice of the peace to dispossess the appellants from the possession of real estate for the non-payment of rent.

The justice dismissed the proceeding and the landlord having appealed, the case came into this court, on account of the disqualification of the county judge to hear it, where the judgment of the justice of the peace was reversed.

The appellants occupied property under a written lease at a yearly rent of $800, payable quarterly in advance on the 1st days of January, April, July and October. The petition alleged non-payment of the rent due October 1, 1893. The answer denied that any rent was due, and pleaded a clause in the lease, which provided as follows :

" And the said parties to these presents further agree to and with each other, that in case of any damages to the greenhouses on said premises, which shall be caused by storm or fire, and which shall exceed the sum of fifty ($50) dollars, the said parties of the first part shall be bound to repair the same as expeditiously as possible, or deduct rents for the house damaged until the same shall be properly repaired by them."

And the appellants alleged that on or about April 20, 1893, the said greenhouses had been damaged by rain and wind to an extent in excess of fifty dollars, and that the landlord had neglected to repair the injury.

They also alleged that owing to the failure of the landlord to repair said houses they had suffered damages by reason of injury to their stock of plants in excess of $200, and that by reason of those facts no rent was due under the lease.

The injury to the appellants' stock of plants and flowers sustained by reason of the failure of the landlord to promptly repair the greenhouses, could not be made a subject of counterclaim in this proceeding, although it might be such in an action to recover the rent.

When tenants have taken possession of demised property and become vested with the term, they cannot refuse to pay the rent and retain possession of the premises against the claim of the landlord.

They have their election to pay the rent, or restore the possession when demanded. (*People ex rel. Ward* v. *Kelsey*, 38 Barb. 269.)

The question in a proceeding of this character, the answer to which controls the decision, is, was there any rent due under the lease? If there was, no matter how small the amount, then the landlord is entitled to the possession of the premises.

In this proceeding it appears that the greenhouses were damaged in April, 1893, and were not fully repaired on October first, but with the exception of what is called the mushroom house, and the packing shed, all repairs had been made before October sixth. This proceeding was commenced in December. Upon these facts it is impossible to see how it can be successfully claimed that there was no rent due when this proceeding was commenced.

The demised premises consisted of eight greenhouses and the mushroom house. One of the greenhouses was not injured at all, and all were repaired before the proceeding was commenced.

The rent was payable quarterly in advance. The lease does not provide that the rent shall abate if any part of the property was injured. It is very doubtful if it is susceptible of the construction that it abated at all. But it is not necessary to decide that question. The covenant is that the landlord will make repairs, "or deduct rents *for the house damaged.*" This clearly had reference to the deduction of rent for a particular house that might be injured, and not to the whole rent reserved in the lease. The rent was not apportioned on the several houses, and the lease made no provision for apportionment in case of an injury to any single house. There was, therefore, no way in this proceeding by which the provision in question could be applied in case the tenant claimed a deduction in the rent for failure to make repairs to any one or more of the greenhouses.

The fact appears that one of the greenhouses was not injured at all, and that all had been repaired long before this proceeding was commenced. By the plain and explicit terms of the lease, rent was, therefore, due to the landlords, and they were entitled to its payment, or to have the possession of the premises restored to them.

The judgment must be affirmed, with costs.

DYKMAN, J., concurred; CULLEN, J., not sitting.

Judgment affirmed, with costs.