(13 Misc. Rep. 249.)

CONSTANT v. BARRETT.

(Common Pleas of New York City and County, General Term. June 3, 1895.)

1. DISTRICT COURT OF NEW YORK CITY—EQUITABLE DEFENSE.

Code Civ. Proc. § 2244, as amended in 1893, provides that in summary proceedings in the district court the tenant may set up any new matter constituting a legal or equitable defense or counterclaim," and that "such defense or counterclaim may be set up or established in like manner as though the claim for rent in such proceedings is the subject of an action." *Held*, that the power of the district court, if any, to entertain equitable defenses, is limited wholly to defensive purposes.

2. MORTGAGES—RIGHTS OF MORTGAGEE—POSSESSION.

A lessee does not, by the purchase of a mortgage on the premises, become a mortgagee in possession.

Appeal from Ninth district court.

Summary proceedings by Henry Constant against John T. Barrett to recover possession of real estate. From a final order dismissing the petition, plaintiff appeals. Reversed.

Argued before BOOKSTAVER and BISCHOFF, JJ.

Charles Strauss, for appellant.
William H. Sage, for respondent.

BOOKSTAVER, J. This proceeding was submitted upon an admitted state of facts, and was dismissed by the justice. It is admitted the plaintiff is the landlord of the premises in question, and the respondent is the lessee in possession under a lease having some years to run; that, while in possession under his lease, the respondent purchased a bond for $10,000, secured by a mortgage upon the premises, made by a predecessor in title of the plaintiff; that in the month of November, 1894, the principal of this bond became due by reason of the nonpayment of the semiannual interest for more than 30 days after the time it was payable; that on the 1st day of December, 1894, a quarter's rent under the lease became due and payable, but the respondent refused to pay the same, claiming that he was a mortgagee in possession of the premises, and was not liable for the rent until the amount due upon the mortgage was fully paid, together with interest. The plaintiff then brought this proceeding to recover possession of the premises, upon the ground of nonpayment of rent; the respondent set up as a defense the claim above stated; and the justice thereupon dismissed the proceeding, mainly upon the authority of Madison Ave. Baptist Church v. Oliver St. Baptist Church, 73 N. Y. 82. It is clear that no such defense would have availed the respondent before the amendment to section 2244 of the Code of Civil Procedure, in 1893, whereby the tenant was allowed to set up a statement of any new matter "constituting a legal or equitable defence or counterclaim," and, further, that "such defence or counterclaim may be set up and established in like manner as though the claim for rent in such proceedings was the subject of an action." This amendment was apparently made to meet some special emergency, and without any regard to the general scheme adopted in summary proceedings, and with less thought as to how equitable defenses were to be established or enforced in district courts or courts of justices of the peace or other officers of limited jurisdiction, where by far the larger number of summary proceedings are determined. District courts are of statutory creation, with limited jurisdiction, specially conferred. Such jurisdiction must not depend upon inference or intendment. Even the formal judgment in such courts is prescribed, and this whether the proceeding is tried by the court with or without a jury. The amendment above referred to confers no equity jurisdiction upon these courts. There is no provision anywhere for special verdicts or findings by the court or jury, and nothing authorizing a decree adjusting or enforcing the equities between the parties. It may, therefore, well be doubted whether these courts have power to en-

tertain equitable defenses even after that amendment, as it is not at all clear how such defenses could be maintained or enforced. In the case under consideration, it certainly would have no power to grant what would be the full measure of relief, provided the respondent was entitled to such relief on the facts, to wit, a decree allowing him to retain possession of the premises until his mortgage with interest was paid; nor has it the power to appoint a receiver to collect the rents. But, without finally determining the question of jurisdiction in this case, it is manifest that if district courts have any power to entertain equitable defenses, then, in the nature of things, it is wholly limited to defensive purposes, and is available only as far as may be necessary to make the same effective; in other words, it is a shield for defense, not a sword for attack, and is somewhat in the nature of a plea of title. Of course, many grave questions may arise even with this interpretation of the amendment, as, for instance: How far is the district court to inquire into the equitable defense? How is it to be established? What is the effect of the determination of the justice in such case? Is his determination res adjudicata as to the defense, so that, if it is necessary afterwards to inquire into the matter in a court of record, that court will be bound by his decision?

But the only question we have to determine on this appeal is whether the facts above stated warranted the justice in concluding that the respondent was a mortgagee in possession. If he was, then it must be by sheer force of the fact that, while in possession as lessee, he purchased a past-due mortgage upon the leased property without any notice to or actual consent of his landlord. It is a general and well-settled rule of law that a tenant cannot dispute his landlord's title. One of the effects of this rule is that if, after a tenancy has commenced, the tenant acquires an adverse right to his landlord, he is bound to surrender possession before he can be permitted to assert that right, which he did not do in this case. It is contended, however, that the claim asserted by the respondent is not adverse to the landlord, but in subordination to his title. It nevertheless deprives him of the beneficial use of his property, and annuls or suspends the lease, and changes the relation between the parties without the consent of one of them. Respondent claims that this consent is not necessary, relying upon Madison Ave. Baptist Church v. Oliver St. Baptist Church, supra, and, at first sight, certain statements in that opinion would seem to warrant this conclusion, for in the course of that opinion it is said:

"While, under our present law, a mortgagee cannot bring ejectment to obtain possession of the mortgaged premises, being lawfully in possession under a mortgage upon which some amount is due, he can retain such possession against the mortgagor until such amount has been paid;" citing authorities. "It is ordinarily sufficient that a mortgagee is lawfully in possession after default upon the mortgage. The court will not then deprive him of the possession until his mortgage has been paid. The possession need not be given under the mortgage, nor with a view thereto."

But the postulate underlying that case, in the light of which the whole opinion must be read, was that the consent of the owner had been given to the possession of the property by the defendant

in that action. It is true that the deed under which the defendant claimed was held to be void by the court, but, while void as a deed, it was nevertheless the highest evidence of the consent of the owner to the possession of the property by the defendant, not as lessee, but generally, and including that of a mortgagee. So that it is not an authority for holding that a mortgagee may go into the possession of the mortgaged premises without the consent of the landlord. Indeed, Howell v. Leavitt, 95 N. Y. 617, expressly holds that such consent is necessary, and in the course of the opinion it is stated:

"In most of the cases which have upheld the right of the mortgagee, his possession was obtained with the consent, express or implied, of the owner of the land, although in some of them the mode of acquiring possession did not distinctly appear, and in many the rule is stated quite broadly and with little of restriction or limitation;" citing, among others, Madison Ave. Baptist Church v. Oliver St. Baptist Church, supra. "* * * The possession requisite for such a defense must have about it at least some basis of right as against the owner evicted,—often his assent or acquiescence may be inferred from slight circumstances,—but the right cannot be founded upon an absolute wrong. To hold that one who has merely a lien, and but an equitable right, can get a legal one by the commission of a trespass, would be neither logical nor just. It is easy to understand how some of the very broad statements of the right of a mortgagee in possession originated. Before the Revised Statutes, and in the earlier consideration of mortgage relations, the mortgagee, after condition broken, was deemed to have the legal estate in the land. Of course, his entry upon the premises would be the entry of an owner, and both rightful and lawful, if effected without a breach of the peace. His possession, however acquired, unless by actual violence, was as lawful as that of an owner taking possession of his own. But when the Revised Statutes denied him an action of ejectment, and the progress of judicial decision deprived him of the leased estate in the land, and left him with only a lien, it follows that, after as well as before condition broken, the mortgagee remained the owner, and could not be lawfully deprived of his possession except by a valid foreclosure or his own consent, express or implied."

In this case there was neither express not implied consent. It is true the respondent was in possession of the premises by the consent of the landlord, but that consent was to his occupation of the same as lessee only, and that relation, under the circumstances in this case, could not be enlarged or changed except by the consent of both parties.

We therefore think the decision below was erroneous, and should be reversed, and a new trial granted, with costs to the appellant. This conclusion is in no way burdensome to the respondent. We understand he has already commenced his action to foreclose the mortgage. If the land is not sufficient security for his claim, he may, upon notice to the landlord, have a receiver of the rents appointed in the ordinary and regular way, when all the facts can be fully inquired into, and exact justice, as well as equity, administered to both parties, and he should be compelled to do this.