(28 Misc. Rep. 551.)

## WULFF et al. v. CILENTO.

(Supreme Court, Appellate Term. July 26, 1899.)

1. LANDLORD AND TENANT—SUMMARY PROCEEDINGS—MONEY JUDGMENT.

Code Civ. Proc. § 2244, as amended by Laws 1893, c. 705, allowing defendant in summary proceedings by a landlord to interpose a general denial and counterclaim, to be established in like manner as though the claim for rent were subject of the action, does not authorize a money judgment.

2. SAME—NOTICE OF APPEAL.

Where the notice of appeal in summary proceedings refers to, and adopts the language of, the final order, it will be considered as an appeal from such order, although it is described as an appeal from a judgment not rendered.

Appeal from municipal court, borough of Manhattan, Seventh district.

Summary proceedings by John H. Wulff and another against Luigi Cilento. From a final order awarding possession to the landlord, the tenant appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Joseph I. Green, for appellant.
Martin & Weil, for respondents.

MacLEAN, J. In this proceeding, the statutory and ordinary one to dispossess a tenant, the petitioners sought to oust their tenant for nonpayment of rent, and were met by a verified answer containing a general denial and a counterclaim for damages alleged to be the result of a breach of the contract of lease. At the close of the trial, the justice granted a final order awarding possession of the premises to the landlords, and denied relief to the tenant, apparently because, the proceeding being special and solely for possession, a money judgment might not be rendered either way. It is contended, however, by the tenant upon this appeal, that he was entitled to an affirmative money judgment, because section 2244, Code Civ. Proc., as amended by Laws 1893, c. 705, in terms not only permits the interposition by verified answer of a general denial and counterclaim, but also provides that such defense or counterclaim may be set up and established in like manner as though the claim for rent were the subject of the action. As was observed by Mr. Justice Bookstaver in Constant v. Barrett, 13 Misc. Rep. 249, 250, 34 N. Y. Supp. 163:

"This amendment was apparently made to meet some special emergency, and without any regard to the general scheme adopted in summary proceedings."

This explanation is plausible and probable; for, by section 2249, the final disposition of such a proceeding, whether tried by the court with or without a jury, is limited to a final order awarding possession to the petitioner, or to the answering person, as the case may be. Viewed in that relation, the allegations and proof authorized by section 2244 may not be extended beyond defenses to the possession for which alone this proceeding is brought. For this reason the

final order should be affirmed, with costs to the respondents. By mistake the notice of appeal is from a judgment apparently neither rendered nor entered, but, as it refers to, and adopts the language of, the final order, it may fairly be held to be as seemingly understood and treated by the attorneys for the respondents an appeal from the final order entered herein. Van Ingen v. Snyder, 24 Hun, 81, 83.

Order affirmed, with costs to the respondents. All concur.