(30 Misc. Rep. 285.)

In re McCORMICK.

(City Court of Albany. January, 1900.)

LANDLORD AND TENANT—ACTION FOR POSSESSION—DEFENSES.

The husband of petitioner died intestate, leaving surviving him the petitioner, his wife, and the defendant, his nephew, and other nephews, nieces, and brothers. Before admeasurement of dower, petitioner leased to defendant part of the property of which her husband died seised. The lease contained a provision that no covenant by the party of the first part of quiet enjoyment or title should be implied under such lease. *Held* that, in a proceeding to remove defendant from the premises, he could show that petitioner had no title to the premises, and no right of possession, and that he, with others, had the right of possession, under Code Civ. Proc. § 2244, as amended, providing that a tenant may set forth a "statement of any new matter constituting a legal or equitable defense or counterclaim. Such defense or counterclaim may be set up and established in like manner as though the claim for rent in such proceeding was the subject of an action."

Proceeding by Catherine McCormick to remove William McCormick from leased premises. Judgment for defendant.

P. F. Driscoll, for plaintiff.
John A. Delehanty, for defendant.

ADDINGTON, J. The proceeding on the joinder of issue came before Hon. M. J. Severence, Jr., one of the justices of said court, when the defendant interposed a preliminary objection as to the sufficiency of the petition, which was overruled. The proceedings were then adjourned, and trial had before George Addington, a justice of said court. The facts are undisputed. It appears that on the 9th day of May, 1895, Philip J. McCormick, the husband of petitioner and uncle of defendant, died intestate, seised and possessed of the property in question, which consisted of a three-story house, the first floor being occupied as a saloon. He left, him surviving, the petitioner, his wife, the defendant, his nephew, other nephews and nieces and brothers. On the 31st day of October, 1896, the petitioner entered into a written lease with defendant, under seal, of the first floor and part of cellar of said premises for the term of three years, to commence May 1, 1897, and to end May 1, 1900, at the monthly rental of $35. It also appears from the evidence that said defendant paid rent to petitioner for said premises before the execution of said lease and after, and up to about August, 1899, and that he has not paid rent since; the petitioner claiming for three months and part of a month, amounting to

$110. Said lease contains the usual covenants, and the further covenant that no covenant by the party of the first part of quiet enjoyment or title shall be implied under said lease. It further appears that the petitioner has commenced an action in the supreme court for the admeasurement of her dower in said premises, and that one of the tenants in common has commenced an action for partition, both of which actions are now pending.

It is contended on the part of the defendant that the petitioner had nothing to lease when the alleged lease was executed, and that at the time of such leasing he was a tenant in common of the premises with others, while the petitioner invokes the general rule of law that a tenant is estopped from disputing the title of his landlord. It cannot be disputed that when the lease was executed the petitioner herein had no title to the premises, and had no right to the possession of the same, and that, therefore, as no other right on her part appears, she had no authority to lease the premises. In executing the alleged lease she did not attempt to lease to a stranger to the premises, but to one who, with others, was a part owner of the premises. She entered into a contract of letting with one who, at the same time, had the right of actual possession as against her, and who could oust the petitioner from her possession. Her only interest in the property was her right of dower, which the law afforded her means to obtain.

Section 2244 of the Code of Civil Procedure, as amended, does not confine a tenant to a denial generally or specifically of any material allegation of the petition, but permits him to set forth a "statement of any new matter constituting a legal or equitable defense or counterclaim. Such defense or counterclaim may be set up and established in like manner as though the claim for rent in such proceeding was the subject of an action." It was proper under the said section to permit this defendant to show that he entered into an alleged lease with one who had no title, and who had no right of possession, while at the same time he had title with others, and he had the right of possession as against the petitioner, and was paying rent for his own property. The cases cited by petitioner do not apply in this case, and they are, in the main, decisions before the amendment of said section of the Code. Nor does the defendant dispute the title of the petitioner by the evidence. In the alleged lease it is specifically agreed that she does not covenant as to "title or quiet enjoyment." It is true that in or about the month of May or June, 1898, she became a tenant in common with the defendant, by purchasing an interest or interests in said premises, but she files her petition based on the alleged lease, and she must succeed or fail in ousting the defendant upon that lease. In an action to avoid a lease on the ground that it was a mortgage, it was held that a judgment in summary proceedings was res adjudicata. The court say: "The questions whether the lease was intended as a mortgage, and, if so, whether it was based upon a usurious contract, could have been tried in the district court." Reich v. Cochran, 151 N. Y. 122, 45 N. E. 367, 37 L. R. A. 805. "To establish the relation of landlord and tenant between the parties, and to entitle the defendant (landlord) to a judgment in the summary proceedings, the existence of a valid lease upon which rent was

due from the plaintiff to the defendant was necessary." 151 N. Y. 127, 45 N. E. 368, 37 L. R. A. 807, 808. In an action in equity for the rescission of certain contracts in connection with a lease and the annulment thereof, an injunction was granted staying certain summary proceedings pending the action and its determination. It was held that the complete relief asked for could not be obtained in the summary proceedings, and the court say:

"It [meaning section 2244 of the Code of Civil Procedure] enlarges the number of defenses which a tenant may interpose to protect his possession. The equitable defense or counterclaim contemplated by the amendment of 1893 is evidently one which goes to defeat the proceeding in whole or part. The power conferred stops there, and goes no further. But, if the court upon which the power is conferred has no equity jurisdiction, then the power, in the nature of things, must be limited wholly to defensive purposes, and is available only so far as may be necessary to make the same effective. It is to be used as a shield, not as a sword. * * * The most it [the inferior court] could do would be to find for the tenant on equitable grounds, leaving either party to seek the necessary substantial relief in a court having equity jurisdiction." Rodgers v. Earle, 5 Misc. Rep. 164, 24 N. Y. Supp. 913.

In summary proceedings the defendant and lessee of premises took an assignment of a mortgage on the same, and claimed to hold as mortgagee in possession. In that case Justice Bookstaver, while doubting the constitutionality of section 2244 of the Code of Civil Procedure, says:

"But, without finally determining the question of jurisdiction in this case, it is manifest that, if district courts have any power to entertain equitable defenses, then in the nature of things it is wholly limited to defensive purposes, and is available only as far as may be necessary to make the same effective; in other words, it is a shield for defense, not a sword for attack." Constant v. Barrett, 13 Misc. Rep. 249, 34 N. Y. Supp. 163.

In Wulff v. Cilento the court say:

"The allegations and proof authorized by section 2244 may not be extended beyond defenses to the possession, for which alone this proceeding is brought." 28 Misc. Rep. 551, 93 N. Y. St. Rep. 525, 59 N. Y. Supp. 525.

In another case the court say:

"The question in summary proceedings is whether the relation of landlord and tenant exists. The question of title cannot arise, the one presented being as to the right of possession, and the decision simply determines who is entitled to the possession, and cannot in any way affect title to land." People v. Goldfogle (Sup.) 30 N. Y. Supp. 296.

I cannot conceive how petitioner, under the alleged lease and from the cases cited, is entitled to the possession of the premises in question. Is she in any better position under said lease than an entire stranger to the premises would be if such stranger had entered into the lease with the defendant instead of the petitioner, and brought these proceedings? If the petitioner had been a tenant in common of the premises with the defendant at the time of the execution of the alleged lease, another question would be presented. True, she did become a tenant in common with defendant a year or more after the alleged lease, but she does not base her proceedings upon this fact, but relies entirely upon the alleged lease and bases her petition upon the same. Defendant had a right to cease paying rent under the lease to the petitioner, who had no authority to make the lease, and who did not even have the right of possession as against him. She claims

no title in the lease. The proof shows no title in her under the lease, and the evidence in the case was properly admitted.. It does not dispute title. It simply goes to show who is entitled to possession. The petition alleges no title, the evidence shows that the defendant took an alleged lease of his own property from one who had no power to enter into a lease, and who had no title, let alone a right of possession. I am of the opinion that the defense interposed by the defendant could have been entertained even before the amendment of section 2244 of the Code of Civil Procedure, but, if not, it certainly can be interposed under the amendment, and judgment is therefore rendered for the defendant, with costs.

Judgment for defendant, with costs.