## IRELAND v. GAULEY.

(Supreme Court, Appellate Term. November 10, 1905.)

1. LANDLORD AND TENANT — DISPOSSESSION — COUNTERCLAIM — COVENANTS — BREACH—EVIDENCE.

Where, in summary proceedings to dispossess a tenant, he filed a counterclaim for failure of the landlord to furnish light and heat as agreed, evidence that the wiring of the building was defective and that complaints of insufficient heating and lighting had been made from time to time by the tenant was insufficient to establish "loss of earning capacity" pleaded.

2. SAME—DAMAGES—PROXIMATE RESULT.

Where a tenant at an inconsiderable outlay could have provided heat for the rented premises, which the landlord had covenanted to provide, a loss to the tenant from idleness because he could not or would not work in the leased premises because the proper temperature was not maintained was not the natural or probable result of the landlord's breach of the covenant.

Appeal from Municipal Court, Borough of Manhattan, Third District.

Summary proceedings to dispossess a tenant by John D. Ireland against Robert Gauley. From a Municipal Court judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before SCOTT, P. J., and BISCHOFF and FITZGERALD, JJ.

Julius D. Tobias, for respondent.
Charles O. Maas, for appellant.

FITZGERALD, J. It is admitted that the rent as alleged in petition upon which precept was issued is due and unpaid. Tenant counterclaims for damages which he alleges by verified answer he has suffered by reason of breaches of covenants of lease under which he entered into possession of the premises. A motion was made on behalf of landlord at the commencement of the trial for judgment on the pleadings, which was denied. Formal proof on behalf of the landlord was then made, at the close of which tenant was afforded an opportunity to establish his damages for the breaches alleged, which were the failure of the landlord to furnish light and heat. Testimony tending to show that wiring of building was to some extent defective, and that complaints of insufficient heating and lighting were from time to time made by tenant, and that these things constituted annoyances, may be readily recognized; but they failed entirely to add in any respect to the pro-

bative force of the evidence of special damage which it was sought to prove, to wit, "loss of earning capacity." Tenant stated that for 17 days he either could not or would not work in the leased apartments because the proper temperature was not maintained and that his loss of earnings resulting from this idleness amounted to $25 a day. It would be difficult to hold that this loss of earnings naturally or probably flowed from the failure of the landlord to supply the required amount of heat, a difficulty which at the worst might have been avoided at an inconsiderable outlay by the tenant himself. There was an entire absence of proof to support the counterclaim, and a final order was properly made awarding possession of the premises to the landlord.

Nor are we called upon for any construction of section 2244 of the Code of Civil Procedure for two reasons: (1) If damages as pleaded can be set up as a counterclaim, that question was determined by the court below in tenant's favor when landlord's motion for judgment on the pleadings was denied; and (2) the decision of this court in Wulff v. Cilento, 28 Misc. Rep. 552, 59 N. Y. Supp. 525, appears to have settled the proposition adversely to appellant's contention.

Final order affirmed, with costs. All concur.