(50 Misc. Rep. 640)

### DICKINSON v. BROWN.

(Supreme Court, Appellate Term. April 24, 1906.)

1. LANDLORD AND TENANT—SUMMARY PROCEEDINGS—APPEAL.

Under Municipal Court Act, Laws 1902, p. 1488, c. 580, § 1. subd. 12, conferring on Municipal Courts jurisdiction to entertain summary proceedings by a landlord against a tenant, and providing that such proceedings shall be instituted under Code Civ. Proc. c. 17, tit. 2, section 2249 of which chapter provides for the final determination of a summary proceeding by a final order, and section 2260 thereof providing for an appeal from such order, an appeal, where no such final order has been made, is premature, and must be dismissed.

2. SAME—RECORD—SUFFICIENCY.

Under such sections a record on appeal from a summary proceeding instituted to obtain possession of premises occupied by defendant as tenant, showing a dismissal of the proceedings at the close of the case on defendant's motion; an indorsement on the petition as follows: "Motion to dismiss petition granted. Judgment for tenant"—the return, reciting that "the proceeding here closed, and the justice thereupon, to wit, on the 14th day of March, 1906, rendered judgment in favor of the

tenant on motion to dismiss, and against the landlord," and the notice of appeal being from a "judgment in favor of the above-named tenant," etc., did not show a final order, as provided by said section 2249, Code Civ. Proc.

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Action by Patrick F. Dickinson against John J. Brown. Judgment for defendant, and plaintiff appeals. Appeal dismissed.

Argued before SCOTT, P. J., and TRUAX and BISCHOFF, JJ.

David McClure (Joseph Garrison, of counsel), for appellant.

J. J. Karbey O'Kennedy, for respondent.

TRUAX, J. This is a summary proceeding, instituted to obtain possession of certain premises occupied by the defendant. Issue was joined by verified petition and verified answer, and at the close of the case the tenant's attorney moved for a dismissal of the proceedings, which was granted. Upon the petition was indorsed: "Motion to dismiss petition granted. Judgment for tenant." The return also recites that: "The proceeding here closed, and the justice thereupon, to wit, on the 14th day of March, 1906, rendered judgment in favor of the tenant on motion to dismiss, and against the landlord." The notice of appeal is from a "judgment in favor of the above-named tenant," etc.

Jurisdiction is conferred upon Municipal Courts to entertain summary proceedings by subdivision 12 of section 1 of the Municipal Court Act (Laws 1902, p. 1488, c. 580), which provides that such proceedings shall be instituted under "title 2 of chapter 17 of the Code of Civil Procedure," which begins with section 2231 and ends with section 2265, inclusive. Section 2249 of that chapter provides for the final determination of a summary proceeding by a final order, and section 2260 provides for an appeal from such an order. The record in this case contains no such order, nor does it appear therein that any such order was ever made. The appeal was, therefore, permaturely taken, and must be dismissed. See Lewis v. Hoffman, 5 Civ. Proc. R. 141; Wulff v. Cilento, 28 Misc. Rep. 551, 59 N. Y. Supp. 525.

Appeal dismissed, with costs, and case remitted to the lower court for such further action as counsel may advise. All concur.