### COSTELLO v. SEIDENBERG.

(Supreme Court, Appellate Term. June 5, 1908.)

1. LANDLORD AND TENANT—SUMMARY PROCEEDINGS—DEFENSES—SET-OFF AND COUNTERCLAIM.

Under the code provision that the tenant in a summary proceeding to dispossess may interpose a legal or equitable defense or counterclaim, it was error, in a summary proceeding by the assignee of rents due and to become due, as agent of the landlord, to exclude an agreement between the landlord and tenant, of which assignee had notice, whereby goods sold to the landlord by the tenant should be charged against the rent.

2. SAME.

Under the code provision that the tenant in a summary proceeding to dispossess may interpose a legal or equitable defense or counterclaim, it was error, in a summary proceeding by the assignee of rents due and to become due, as agent of the landlord, to exclude a counterclaim that, by agreement between the tenant and the assignee, the assignee promised to take a claim against the landlord, that he had refused to do so, and that the tenant offset the same.

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Summary proceedings by Peter Costello, landlord, against Jacob M. Seidenberg, tenant. From a final order in favor of the landlord, the tenant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and DAYTON and GERARD, JJ.

Joseph Rosenzweig, for appellant.
Joseph A. Kent, for respondent.

PER CURIAM. Appeal from final order in summary proceedings in favor of the landlord. On December 27, 1905, Peter Costello en-

tered into a written lease with Jacob M. Seidenberg for the hiring of a six-story building on East Forty-Second street. Term: Five years from February 1, 1906, subject to existing tenancies. Rent: $6,000 per year, payable monthly in advance. Deposit of $1,000 by the tenant for faithful performance. On June 5, 1907, the landlord in writing assigned to Stephen H. Jackson all the rents due and to grow due from said premises, with authority to enter upon and take possession thereof, to let the same, to receive the rents, issues, and profits thereof, and apply the same, after payment of all necessary charges, on account of his (Costello's) indebtedness to Jackson, and to take all lawful means for the collection of the rent in his (Costello's) name or otherwise. On December 10, 1907, Jackson petitioned, as the agent of Peter Costello, as the owner in fee simple and landlord of the premises, for a warrant of removal of defendant, alleging the nonpayment of the rent due for November, 1907. The tenant answered, denying the agency of Jackson, denying that the sum claimed was due, and setting up the above-mentioned assignment and that the landlord had thereby parted with his right to the rents. He alleged by way of counterclaim the sale of goods to the amount of upwards of $7,000 to the landlord under an agreement to charge them against rent, of which agreement Jackson had knowledge at the time of said assignment. He further alleged an agreement, dated July 1, 1907, between himself and Jackson, whereby Jackson promised to take from him a claim of $1,500 against Peter Costello for $1,350, to be paid when a mortgage for $2,000 held by Jackson should be satisfied, which mortgage has been paid, and that he has offered to assign said claim, and has demanded the $1,350, which Jackson has refused to pay; and he offsets said $1,500 claim against the landlord.

The record is voluminous and manifests a number of errors. For instance: The evidence shows that Peter Costello was a laboring man, hired by his brother, Owen Costello, and that Owen had authority to sign Peter's name whenever necessary. A document, dated August 6, 1906, signed "Owen Costello—Peter Costello," provides that all goods sold by Seidenberg to Owen and Peter Costello should be charged to the accrued rental of the premises in question after a lapse of 60 days after delivery of goods. This document was offered in evidence by the tenant, excluded, marked for identification, and exception taken. A similar offer and result pertains to the agreement of July 1, 1907, set up in the answer. There was ample proof of the delivery of goods by the tenant to Peter Costello at these premises during 1907 of considerable amount and value, corroborated by shipping receipts. There are other errors in the exclusion of the testimony offered by the tenant, but the foregoing are sufficient to justify a reversal.

Perhaps the more important question arises upon the assignment of the rents. True, Peter Costello (who was the alter ego of Owen Costello) retained the reversion, and thus is technically the landlord; but may he part with his right to collect rent, and retain his right to evict for its nonpayment? If the tenant had paid the rent to Jackson, the assignee thereof, might the landlord bring this proceeding? If Jackson brought an action for the rent, might not Seidenberg

counterclaim for goods sold. under the agreement mentioned, of which he claims Jackson had knowledge when he took the assignment? In the circumstances shown, should the tenant pay the rent to Costello and be in peril of an action by Jackson to recover it? As the Code specifically provides that defenses in these proceedings may be legal, equitable, or by way of counterclaim, and as the trial judge seems to have disregarded the defendant's rights as to these defenses, the final order should be reversed, and a new trial granted.

Final order reversed, and new trial ordered, with costs to appellant to abide the event.