(Supreme Court, Appellate Term.    June 6, 1908.)

Argued before GILDERSLEEVE, P. J., and SEABURY and DAYTON, JJ.

---

### MAHER v. EDWARDS.

(Supreme Court, Appellate Term.    June 5, 1908.)

1. LANDLORD AND TENANT—SUMMARY PROCEEDINGS—EQUITABLE DEFENSES AND COUNTERCLAIMS—"CAUSE."

A summary proceeding for the dispossession of a tenant is a "cause" in which equitable defenses and counterclaims may be interposed.

[Ed. Note.—For other definitions, see Words and Phrases, vol. 2, pp. 1013–1015.]

2. CONTINUANCE—SUMMARY PROCEEDINGS TO DISPOSSESS TENANT.

Code Civ. Proc. § 2248, providing that, in summary proceedings for the recovery of land, the justice may in his discretion grant an adjournment

to enable the applicant to procure his necessary witnesses, does not prohibit the trial judge from exercising his discretion to grant an adjournment where legal grounds exist, as an actual engagement of defendant's counsel in the trial of a cause in the Supreme Court.

3. LANDLORD AND TENANT—CONDITIONS.

Code Civ. Proc. § 2248, provides for an adjournment of summary proceedings for the recovery of land in the discretion of the court for the procurement of necessary witnesses, and Municipal Court rule 11, as authorized by Municipal Court Act, Laws 1902, p. 1494, c. 580, § 12, declares that causes set down for trial must be tried when reached, unless legal grounds exist for an adjournment. *Held,* that where a landlord had abundant security for the rent for the nonpayment of which summary proceedings were instituted, and the tenant's counsel was denied an adjournment, though legal grounds were presented therefor, and a final order was made against the tenant by default, it was error to require the tenant to pay the rent for the month in question into court as a condition to the opening of the default.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Minnie L. Maher against Albert Edwards. From a final order in summary proceedings in favor of the plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and DAYTON and GERARD, JJ.

Brewster & Farries, for appellant.

James Kearney, for respondent.

DAYTON, J. Appeal by tenant from final order of March 11, 1908, and also from an order made March 13, 1908, denying tenant's motion to set aside said final order granted on tenant's default, except upon conditions. On May 31, 1907, these parties executed a lease for 21 years from October 15, 1907. Premises, 53 Vesey street, Manhattan, 25x95, with a six-story building intended to be erected thereon to be used as a stable for horses, carts, wagons, trucks, and appurtenances. Rent, $5,500 per annum, payable monthly in advance, and Croton water rates. On failure to comply with any of the terms of the lease the tenant waived the right to redeem or re-enter and to the sum of $2,750 deposited as security by the tenant. The new building was in the lease agreed to be completed on or before October 15, 1907; but the rent was not to begin until such completion, and the lease was subject to a mortgage of $50,000. The petition alleged nonpayment of rent for the month of February, 1908, $458.33. The amended answer alleged the deposit of $2,750 as security with the landlord; that, the building not being completed as agreed, the tenant, relying upon the representations of the landlord that completion would occur January 15, 1908, entered into possession of two of its six stories upon an agreement for rent to be determined, pursuant to which the tenant paid $275 up to February 1, 1908, and it was further agreed that the landlord would receive $275 for the February rent, and a further temporary modification as to rent owing to the noncompletion of the building in accordance with the plans and specifications referred to in the lease. The answer also alleged the willingness of the tenant to pay rent in proportion to completion for the use of the tenant, and set up several counterclaims, aggregating

about $5,500, by reason of the failure of the landlord to complete the building as provided in the lease.

· The precept was returnable February 28, 1908. The amended answer was verified ·March 3, 1908. The proceeding was set down for March 11, 1908, on which day the attorney for the tenant presented an affidavit stating in detail his engagement in a trial in the Supreme Court and asked an adjournment until March 18th. He was supported by a certificate of Mr. Justice Ford stating the actual engagement of Mr. Farries in said cause before him. The trial judge nevertheless proceeded to take the landlord's testimony, and the jury found for the landlord; the tenant offering no proofs. The return states the trial to have been without a jury and the submission of the "cause" to the justice for decision and determination. An indorsement of the precept shows that the tenant demanded a "jury trial, Part 1, March 11th," and paid $4.50 jury fee. Another indorsement is: "Received jury fee, $4.50, March 13, 1908." Attached to the return is a mandate summoning a jury for March 11th, and also a similar mandate, dated March 14th, for March 16th. These apparent inconsistencies are partly explained by the order appealed from, dated March 13th, permitting the tenant to· come in and defend on condition that he deposit in court the February rent before 12 o'clock noon of March 14th, in which event the proceeding was to be restored to the calendar for March 16th; but upon failure to so deposit the rent the motion was denied. March 15th the tenant's attorney appeared, stated he was ready to proceed with the trial, but objected to the deposit of the rent as a condition precedent (vide amendment to case allowed by the court below). The notice of appeal was filed March 16th. On April 17, 1908, it was stipulated in open court that the final order was by default of the tenant to appear and defend. On these facts the question to be disposed of is whether the order refusing to open the default, except upon depositing the rent, was right.

Counsel for the landlord contends that by section 2248, Code of Civil Procedure, no adjournment may be had in a summary proceeding, except for the procurement of necessary witnesses. The language of that section is, "may in his discretion," etc. The Municipal Court has by its rule 11 authorized by section 12 of the Municipal Court act (Laws 1902, p. 1494, c. 580), provided as follows:

"Causes set down for trial must be tried when reached unless legal grounds. exist for an adjournment."

It would seem that an issue joined in a summary proceeding is a "cause" where equitable defenses and counterclaims may be interposed,. and that section 2248 does not apply to the extent of prohibiting the trial judge from exercising his discretion in granting an adjournment. in a summary proceeding where "legal grounds exist." To hold otherwise would deprive any litigant in these proceedings of the privilege of trial, except upon proof of inability to procure necessary witnesses. In the light of the passage of the Municipal Court act subsequently to· the enactment of section 2248, Code of Civil Procedure, and section 20 of that act, and to the tendency towards judicial liberality in matters of practice, where jurisdiction is not involved and where injustice does-

not follow, we conclude that, the tenant having presented ample reasons for an adjournment and the landlord having abundant security in her hands for the payment of the February rent, it was error to impose the conditions made on opening the default. The tenant was entitled to his day in court.

Final order, and order denying motion to open default, reversed, and new trial ordered, with costs to appellant to abide the event. All concur.

---

SCHMITT v. ROHN.

(Supreme Court, Appellate Division, Second Department. June 5, 1908.)

MASTER AND SERVANT—PERSONAL INJURIES—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—QUESTIONS FOR JURY.

    In an action for injuries to an employé through the falling of a scaffold which he was directed by defendant to use in painting, and on which he had objected to working until assured by defendant that it was safe. the questions of whether defendant had provided a reasonably safe contrivance so placed and operated as to protect plaintiff as required by Laws 1897, p. 467, c. 415, §§ 18, 19, and whether plaintiff assumed the risk and was guilty of contributory negligence, *held*, under the evidence, for the jury.

Appeal from Trial Term, Kings County.

