(92 Misc. Rep. 398)

SIXTH AVE. TWENTY-THIRD ST. CORPORATION v. DANE.

(Supreme Court, Appellate Term, First Department.   November 17, 1915.)

1. LANDLORD AND TENANT ☞297—ACTIONS—SERVICE OF PRECEPT—EFFECT.

The service of a precept by a landlord is not a sufficient demand for the rent upon which to base summary proceedings for nonpayment of the rent.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 1284–1291; Dec. Dig. ☞297.]

2. APPEAL AND ERROR ☞1037—ACTIONS—DEMAND FOR RENT.

While the court was in error in holding that a precept was a sufficient demand for rent, the error was not prejudicial, where sufficient personal demand was proved.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4082; Dec. Dig. ☞1037.]

3. LANDLORD AND TENANT ☞306—ACTIONS—EVIDENCE—ADMISSIBILITY.

Although the answer in summary proceedings by a landlord, setting up a counterclaim for fraud inducing the lease, did not show whether the false statements relied upon were representations or warranties, the facts being alleged, evidence of the fraudulent representations was admissible.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 1313; Dec. Dig. ☞306.]

4. LANDLORD AND TENANT ☞298—ACTIONS—COUNTERCLAIM—WHEN ALLOWED.

Under Code Civ. Proc. § 2244, providing that, in summary proceedings for possession of land, the tenant in possession may set forth new matter constituting a legal or equitable defense or counterclaim in the same manner as though the subject of the action was a claim for rent, a tenant can counterclaim in summary proceedings for damages for fraudulent statements in securing the lease, where the statements were representations.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 1276–1280; Dec. Dig. ☞298.]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Summary proceedings by the Sixth Avenue Twenty-Third Street Corporation, as landlord, against Abraham L. Dane, as tenant. From a final order of the Municipal Court in favor of the landlord, the tenant appeals. Reversed, and new trial granted.

Argued October term, 1915, before BIJUR, PAGE, and SHEARN, JJ.

Jacob W. Block, of New York City, for appellant.
Jerome H. Buck, of New York City, for respondent.

PAGE, J. [1, 2] The trial judge erred in holding that the service of the precept was a sufficient demand for the rent. This error, however, was not prejudicial, as a sufficient personal demand was proved.

[3] The exclusion of the evidence of the alleged false and fraudulent representation in reliance upon which the tenant claimed to have entered into the lease requires a reversal of the order. While the allegations of the answer are somewhat inartificial, the facts being al-

leged as a defense and by way of counterclaim, and it not clearly appearing whether the statements alleged to have been made related to existing facts, and hence a representation, or to future conditions, and therefore a warranty, the evidence should have been admitted.

[4] If the evidence disclosed a false representation, the tenant could counterclaim his damages, although he could not set the matter up as a defense. Pryor v. Foster, 130 N. Y. 171, 29 N. E. 123; Driggs v. Hendrickson, 89 Misc. Rep. 421, 151 N. Y. Supp. 858. The cases cited were actions for rent, but section 2244 of the Code of Civil Procedure makes such a counterclaim available in a summary proceeding.

Final order reversed, and a new trial ordered, with $30 costs to the appellant to abide the event. All concur.