**SAM. D. BENNETT v. ORANGE STATE OIL COMPANY, a corporation**

27 So. (2nd) 417                                                  June Term, 1946

July 12, 1946                                              Special Division A

Rehearing denied October 22, 1946

*Carlton & Ellis,* for appellant.

*Liddon & Fee* and *McCarty & Brown,* for appellee.

BUFORD, J.:

In an unlawful detainer suit in the Circuit Court the court directed a verdict in favor of the plaintiff.

The uncontradicted evidence showed default in the payment of rent as provided in written sub-lease.

The case arose in this wise: "In 1941 the Lessee was acting as a distributor of the products of the appellee and then held a lease on the real estate involved in this suit upon which he operated a filling station. The real estate belonged to a third party who had given a mortgage on the premises to procure the money with which to place improvements on the property. Lessee, Bennett, was obligated to pay off this mortgage by monthly installments and to pay certain additional rental to owner. It became necessary to refinance the mortgage loan. Arrangements were made by which the owner borrowed the necessary amount of money from a bank in Jacksonville. He gave as security a mortgage on the premises and, coincidental with this transaction, appellant surrendered the lease which he then held on the premises and the owner executed a new lease to Orange State Oil Company, the appellee, Orange State Oil Company obligated itself to pay off the mortgage by applying $155.55 of the rentals per month and to pay the owner $100.00 per month, making a total rental of $255.55 per month rentals under a lease contract which was to run for a period of nineteen (19) years and, at the same time, Orange State Oil Company, appellee, executed a sub-lease to Sam D. Bennett, appellant, which carried the same terms and conditions which were embraced in the lease from the owner to the appellee. At the same time Orange State Oil Company entered into a contract with Bennett whereby Bennett agreed to handle and sell the products of Orange State Oil Company on a commission basis. The contract between Orange State Oil Company and Bennett under which Bennett agreed to handle and sell the products of Orange State Oil Company was included in the

same instrument which granted the sub-lease to Bennett, but was an independent agreement.

A dispute arose between Bennett and Orange State Oil Company concerning the amount of the commission which Bennett was to receive or withhold from the sale of the products belonging to Orange State Oil Company, Bennett contending that Orange State Oil Company owed him substantial commissions and Orange State Oil Company contending that Bennett owed it substantial sums of money which, it was alleged, he had collected and failed to account for. Orange State Oil Company locked up its containers and cut off Bennett's supply of products. Thereupon Bennett failed and refused to pay the rent required under the sub-lease. Orange State Oil Company filed unlawful detainer suit against Bennett.

Bennett contended that his sub-lease was within the purview of Sec. 697.01 Fla. Statutes 1941 (same F.S.A.) and should be deemed and held to be a mortgage. If that defense could have been presented in an action of this sort the proof adduced was not sufficient to support the contention of the appellant.

The sub-lease executed by Orange State Oil Company to Bennett constituted a contract under which Bennett subleased the described property for $255.55 rental per month, payable in advance during the first ten years of the term of the lease. The rental was due and payable at the office of the Lessor, Orange State Oil Company, in Miami, Florida. The Orange State Oil Company was obligated to pay off the mortgage to the Bank and the lease from Orange State Oil Company to the owner was hypothecated with the Bank as collateral to secure the payment of the loan.

It is next contended that because there was a dispute between Bennett and Orange State Oil Company concerning the account between them growing out of the contract for Bennett to handle and sell the products of Orange State Oil Company, Bennett had the right to withhold the rents until that dispute was settled. We have no statute in this State authorizing a setoff, counter claim or cross claim to be set up as a defense in an unlawful detainer action. The rule appears to be that

except in jurisdictions where statutes authorize set-off, counter claim or cross complaint such defenses cannot be maintained and in jurisdictions where such defenses are permitted they can only be interposed when the subject matter and the persons or parties affected thereby bring the particular claim or set-off within the purview of the statute. See Smith v. Glover, 135 Ark. 531, 205 S. W. 891; Roberson v. Weaver, 145 Ga. 626, 89 S. E. 769; Jefferson v. Glaze, 134 Ga. 842, 68 S. E. 580; Weaver v. Roberson, 134 Ga. 149, 67 S. E. 662; Sixth Ave.-Twenty-Third St. Corp. v. Dane, 92 Misc. 398, 156 N.Y.S. 89; American Exch. Natl. Bank v. Smith, 61 Misc. 49, 113 N.Y.S. 236; Mahar v. Edwards, 59 Misc. 488, 110 N.Y.S. 1083; Jefferson Real Estate Co. v. Hiller, 39 Misc. 784, 81 N.Y.S. 374; Sage v. Crosby, 33 Misc. 117, 67 N.Y.S. 139; Wulff v. Cilento, 28 Misc. 551, 59 N.Y.S. 525; Constant v. Barrett, 13 Misc. 249, 34 N.Y.S. 163; Iconopouly v. Hamerman, 185 N.Y.S. 291; Green v. Brenner, 169 N.Y.S. 682; Costello v. Seidenberg, 110 N.Y.S. 924; Rogers v. Earle, 23 N.Y. Civ. Proc. 220, and also see Barker v. Walbridge, 14 Minn. 469; Moore v. Coughlin, 127 App. Div. 810, 111 N.Y.S. 856; Pearson v. Germond, 83 Hun. 88, 31 N.Y.S. 358.

No reversible error having been made to appear, the judgment is affirmed.

So ordered.

CHAPMAN, C. J., TERRELL and SEBRING, JJ., concur.