WILCOXEN VS HYBARGER.

Opinion delivered January 30, 1897.

*1. Chickasaw Lands—Right to Lease.*

The right of a Chickasaw citizen under the Chickasaw law to hold and occupy a tract of land as against every other member of the tribe, is an estate sufficient to support a contract of lease.

*2. Landlord and Tenant—When Relation Exists.*

A contract whereby defendant obtained from plaintiff, a citizen of the Chickasaw Nation, possession of a tract of land in such Nation, in consideration whereof he was to pay plaintiff a certain rental raised between them the relation of landlord and tenant and is sufficient to sustain an action of unlawful detainer.

*3. Nonpayment of Rent—Defense.*

In an action of unlawful detainer, for nonpayment of rent an answer that, at the time of the execution of the lease, and as a part thereof, plaintiff guaranteed defendant a free use and range of the lands on all sides of the demised premises for the distance of a half mile; that plaintiff would not fence or interfere with the open space of land around said premises; that in violation of this agreement plaintiff fenced in a part of said open space, presented a good defense and a demurrer thereto should be overruled.

*4. Improvements by Tenant—Remuneration.*

If through his own fault a tenant loses possession of premises before the end of his term, he will not be permitted to avail himself of a covenant by the landlord to pay for improvements placed on the premises by the tenant, if the latter should lose possession before the end of his term.

*5. Tender of Rent Due.*

In order to avail himself of the benefits of § 4174, Mansf. Dig., tenant bringing into court the rent in arrears and costs, mus

deposit such sum and leave it with the court, there to await the final order of the court.

6. *Demand for Possession—Time.*

Under ¿ 3348, Mansf. Dig., a demand in writing for possession made two days before suit is begun, is sufficient.

Appeal from the United States Court for the Southern District.

C. B. KILGORE, Judge.

Action of unlawful detainer by J. C. Hybarger against G. L. Wilcoxen. Judgment for plaintiff. Defendant appeals. Reversed.

This is an action of unlawful detainer, brought by appellee, to recover of appellant possession of a tract of land, with improvements thereon. The land is alleged to contain about 200 acres under fence, 120 acres being in a state of cultivation. The appellee alleged that appellant rented the premises for the year ending December 31, 1894; that the rental contract had expired, and that appellant held over and refused to deliver possession of the premises after legal demand made therefor; that the premises were of the value of $1,000, and the value of the rental from the 1st day of January, 1895, $300; that the contract was verbal; and that appellant refused to pay rent for the year ending December 31, 1894. Trial before a jury resulted in a verdict for appellee, under peremptory instruction of the court, for the possession of the land in controversy, and finding "for the plaintiff for the rents thereon for the years 1894 and 1895, at $100, and possession of land." From this verdict and judgment thereon, this appeal is prosecuted.

*F. G. Barry, John A. McClure, A. Rennie, O. W. Patchell, Henry M. Furman, C. L. Herbert,* and *Jesse Hill,* for appellant.

The court erred in sustaining the demurrer to the third paragraph of defendants answer. Defendant had a right to offset against the demand of plaintiff any demand growing out of the breach of the rental contract. Mansf. Dig. § § 5034, 5036; Bloom vs Leham, 27 Ark. 489; Collins vs Karatopsky, 36 Ark 316; Rockway vs Thomas, 36 Ark. 518; McGuire vs Cook, 13 Ark. 488; Maron vs Delaney, 44 Ark. 444; McConley vs Hazlewood, 59 Fed. 877.

*Claude Weaver* and *Green Weaver*, for appellee.

Section 3348 Mansf. Dig. must receive the same interpretation in the Indian Territory as is given it by the court of last resort in Arkansas. McCauley vs Hazlewood, 8 C. C. A. 341. When proper parties enter into an agreement in proper form in relation to lands and tenements to create an estate for years, by one in favor of the other, the relation of landlord and tenant is established, as soon as the tenant enters possession. Washburns on Real Property 413.

LEWIS, J. (after stating the facts). The manner in which the record in this case was prepared has much obscured the merits of this appeal, and entailed unnecessary labor upon the court. We find in the record proper what purports to be the original answer, in which there is a paragraph, numbered 3, which has been crossed out by ink lines. In the bill of exceptions we find what purports to be paragraph 3 of the answer, differing, in material allegations, from the marked-out copy in the record proper. In appellant's brief the marked-out paragraph is set out as paragraph 3 of the answer. So, in the bill of exceptions we find what purports to be a part of the amended answer, containing allegations not found in the amended answer, as disclosed by the record proper. In the appellant's brief the matter contained in the bill of exceptions is set out as part of the amended answer. Unless counsel will exercise such a degree of care in the

preparation of their transcripts for appeal as will make it unnecessary for the court to waste time in determining what may properly be considered on appeal, it will be necessary to adopt a rule to strike from the files records in the condition in which we find this one. As the appellee has replied to the contentions and the statements of appellant in his brief, without indicating objection thereto, we have considered the questions as they are suggested by the brief of appellant.

1. The first question requiring determination is whether the relation of landlord and tenant was established between the parties. If so, this action of unlawful detainer is maintainable; otherwise, it is not. McCauley vs Hazlewood, 8 C. C. A. 341, 59 Fed. 877. The appellee is a citizen of the Chickasaw Nation; the appellant, of the United States. Appellant's contention seems to be that as appellee was not in possession of the demised premises at the time of the contract with appellant, and had at that time only the right therein that was common to all the other members of the Chickasaw tribe, the relation of landlord and tenant could not arise by virtue of the agreement between the parties. The reply to this contention is that appellee, while possessing no greater right than any other citizen of that nation, yet had the legal right, under the laws of his nation, to occupy the land demised to appellant, and to hold it after such occupancy against any other person. This right is, in a sense, an estate sufficient to support a contract with regard to it. But the relation of landlord and tenant does not rest upon the landlord's title, but upon the agreement between the parties, followed by the possession of the premises by the tenant under such agreement. This is shown in the rule, old as the law, that the tenant will not be permitted to dispute the landlord's title. So, in McGuire vs Cook, 13 Ark. 48, cited by appellant, it is said: "A bare possession without right will be protected if invaded by force, or held over

*Landlord and Tenant. Relation of*

by a tenant by virtue of his contract." Appellee pleaded and proved, and appellant answered and admitted, a contract between the parties, whereby appellant obtained possession of, and still claims, the premises in controversy, in consideration whereof he was to pay a certain rental, and, at the end of a fixed term, to surrender the possession of the premises. Such a contract raised between them the relation of landlord and tenant, and was sufficient to sustain this action, if a cause of action were otherwise shown.

2. Appellant, in reply to appellee's demand, pleaded in substance, that at the time of the execution of the contract of lease for the premises in controversy, and as a part of said contract, appellee guaranteed appellant a free and unlimited use and range of the lands on either side of the land occupied and put in by appellant, for the space of a quarter of a mile, for the purpose of range and pasture, each party to the contract pledging themselves, as a consideration of the contract, that neither would fence or enclose or in any way interfere with the space of open land around said premises; that the same was valuable for grazing and for range, and that appellant made said contract, in a great measure, on account thereof, as appellant had then 100 head of horses and cattle to use in said range; that appellee, in violation of that portion of the contract, fenced in and allowed others to do so under his authority and direction, three sides of the premises demised to appellant, almost completely closing him in, and destroying, in a great measure, the range, and damaging him in a sum much larger than the annual payment stipulated to be paid for the years 1894 and 1895, and also damaging him in the sum of $1,000, actual damages; that appellant paid appellee the first four annual payments, under said contract, and only refused further payments because of appellee's wrongful breach of said contract in this particular. A demurrer to this answer was sustained by the court, which action is assigned as error

Landlord and Tenant. Payment of rent.

Unlawful Detainer. Defense.

The lease contract was not void under the statute of frauds, because not in writing, for the reason, among others, that that the contract alleged was made before the adoption of the statute of frauds in the Indian Territory, and could not be affected by it. McClellan vs Pyeatt, 66 Fed. 846. No question was made in the trial as to the validity of the lease under the Chickasaw laws. If such laws were violated, the parties were in pari delicto, and appellee would not be permitted to derive advantage from his own illegal acts. White vs Brown, 1 Ind. Ter. 98.

Appellee claimed, in his testimony, that it was stipulated in the contract of lease that, upon failure to pay the rent when it became due, the lease should terminate. We think the answer presented a legal defense to the appellee's claim, and that the court erred in sustaining the demurrer thereto. In the case of Collins vs Karatopsky, 36 Ark. 328, it is said : ''In this case the rent of November was payable in advance, and, by the terms of the lease, must be paid by the fifth, or the lease would terminate. If, on the first of November, the defendant had been damaged to the extent of the rent then payable by the plaintiff's failure to perform his own agreement, or by eviction from the whole or a material part of the premises for any portion of time by the lessee, he might show that to excuse the nonpayment of rent on the first of November, thus avoiding a forfeiture of the remainder of the term. Such a defense would be made at his peril, but would go to the gist of the action, as it would, if successful, defeat the landlord's right to immediate possession.'' Rights of common may be the subject of a lease. Wait, Act. & Def. 198, If it should be regarded that such right of common, in the exact and technical use of those terms, could not exist with reference to the lands extending for a quarter of a mile in each direction from the inclosed premises occupied by appellant, it, at least, must be held that appellant could make a valid contract that he would not

exercise his right as a member of the Chickasaw Nation to fence the uninclosed land lying within the stipulated distance from appellant's premises; and that, for the breach of this agreement, he would be liable. By section 4170, Mansf. Dig., it is provided : "Whenever a half year's rent or more is in arrear from a tenant, the landlord, if he has a subsisting right by law to re-enter for the nonpayment of said rent, may bring an action to recover the possession of the demised premises." On another trial of this cause, the jury should be instructed that by a subsisting right by law to re-enter is meant a right existing because of the failure to pay rent, for which there is not lawful and sufficient excuse. Whether such excuse exist in this case depends upon the finding of fact upon the issue raised by the plea considered.

3.    Appellant set up that he had made improvements of much greater value than the sum due for unpaid rents under the contract between himself and appellee, authorizing the erection of such improvements, for which appellee agreed to pay him the full value, if appellant should lose possession thereof before the expiration of his term. A demurrer to this answer was sustained by the court, and this ruling is assigned as error. We do not think the court erred in sustaining the demurrer to this part of the answer, as the covenant to pay for the improvements, if appellant should loose possession before the expiration of his term, could not be held to apply in case the loss of possession came through appellant's own acts, causing a forfeiture of his unexpired term. If appellant, as lessee, has made improvements under a contract of which, in equity, he is entitled to have specific performance, he can plead such facts in a separate action, or in an answer in this case upon a transfer to the equity docket. Brockway vs Thomas, 36 Ark. 518. As he cannot, however, have a specific performance in equity without himself doing equity,—in other words without being clear of wrongful default on his own part,—

*Loss of possession through fault of tenant.*

the issue in this case, it would seem, must turn upon the determination of the question whether or not it was stipulated that the remainder of the term should be terminated upon a failure to pay rent, and upon the further question whether or not such failure was justified by proof of facts as set out in the paragraph of the answer first considered. Such facts, if they existed, and if the damages resulting from the breach there pleaded equaled the unpaid rent, would constitute a defense to this action in law; and, if they do not exist, appellant's default in the payment of rent would, doubtless, not be excused in a suit for specific performance in equity.

4. After verdict in this case, and before judgment had been entered, appellant, in the language of the bill of exceptions, "tendered in open court the amount of the verdict found by the jury, and the costs, and moved the court to set aside the judgment for possession in favor of plaintiff;" and the court, being fully advised in the premises, overruled and denied said motion and tender. Section 4174, Mansf. Dig., provides that if the defendant, before judgment is given, either tenders to the landlord, or brings into court where the suit is pending, all the rent then in arrear, and all costs, all further proceedings in the action shall cease. We infer from the bill of exceptions that appellant brought the money into court. By bringing the money into court, we understand the statute to mean that the tenant shall bring it in, and deposit it there, to await the final order of the court, or of this court upon appeal. This was not done, and therefore the statute was not complied with. Should appellant so desire, it is open to him to renew his tender in proper way hereafter. Whether or not the tender, if in other respects sufficient, would have been in time when made before judgment, but after verdict found, it is not necessary now to determine. The demand in writing made two days before the institution of the suit was a sufficient compliance with section 3348, Mansf. Dig. The judgment will be reversed for the error indicated, and the cause remanded.

(12)

Tender of defaulted rent in court.

Demand for possession. Time.

SPRINGER, C. J., concurs in the foregoing opinion, and submits that the tender mentioned in paragraph 4 was, in all probability, in accordance with the requirements of section 4174, Mansf. Dig. The bill of exceptions states: "Appellant tendered in open court the amount of the verdict," etc. The fact may be inferred from the context that the tender was "to the landlord" in open court. If so, the person who prepared the bill of exceptions failed to express the fact as it really was. Counsel for appellee did not then object that the tender was not made as the statute requires. If he had done so, the tender, if in good faith, would have been made, as required by the strict letter of the law. The bill of exceptions merely recites that "the court, being fully advised in the premises, overruled and denied said motion and tender." Evidently, the court overruled the motion and tender for the reason that the appellant had no right to make the tender at that time. The tender was, in my opinion, made in time, if not in form, and, if not in form, the court should have suggested the proper form, and if the tender is renewed, as required by the statute, the court should dismiss the case.