## GAY v. RIEHMANN MANTEL CO.

(Supreme Court, Appellate Division, Fourth Department. July 24, 1900.)

ACTION FOR RENT—COUNTERCLAIM FOR DAMAGES—PROCEEDINGS TO RECOVER POSSESSION—RES ADJUDICATA.

Under Code Civ. Proc. § 2244, permitting equitable and legal defenses in summary proceedings to recover possession of leased premises, as in an action for rent, a prior judgment for plaintiff in such proceedings is not a bar to a counterclaim for damages in a subsequent action for rent, since the counterclaim could not be pleaded in the proceedings for possession, as it did not tend to defeat the claim therefor.

Appeal from special term, Erie county.

Action by Sarah A. Gay, as executrix, against the Riehmann Mantel Company. From a judgment of the special term of the supreme court affirming a judgment of the municipal court of Buffalo in favor of defendant, plaintiff appeals. Affirmed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and LAUGHLIN, JJ.

Elisha W. Holt, for appellant.
D. B. Tuttle, for respondent.

McLENNAN, J. The facts in this case are not in dispute, and a question of law only is presented for determination by this appeal. The defendant entered into possession of certain premises in the city of Buffalo, N. Y., owned by the plaintiff, under a written lease dated August 31, 1899, which provides, among other things, as follows:

"Said party of the first part hath agreed to let, and hereby doth let, and the said party of the second part hath agreed to take, and hereby doth take, those certain premises situated in the said city of Buffalo, and known as 'Ground Floor of Building Nos. 39 and 41 Perry Street,' with power to run machinery not to exceed (15) fifteen horse power, and steam heat, also steam for dry kiln, also use of shed in yard adjoining coal shed, for storage of lumber, size about 12x16, for the term of one year, to commence on the 1st day of October, 1898, and to end on the 1st day of October, 1899, at eight o'clock in the forenoon. The said party of the second part agrees to pay to the said party of the first part the annual rent of one thousand dollars, in monthly payments of eighty three and 34/100 dollars, on the first day of each month, in advance, with the privilege of two years more from October 1, 1899, to October 1, 1901, at same rental, by party of second part giving to party of first part written notice of such intention to rent on or before August 1, 1899."

The defendant paid the rent stipulated when and as the same became due and payable by the terms of said lease, until the 1st day of February, 1899, when it neglected to pay the rent for the month of March, 1899. It also neglected to pay the rent for the month of April, 1899, which became due on the 1st day of that month. Thereafter, and on the 18th day of April, 1899, summary proceedings were instituted by the plaintiff in the municipal court of the city of Buffalo to oust the defendant from the possession of the premises, on the ground of nonpayment of rent, and on the ground that because of the default in the payment of rent the lessor (the plaintiff) had exercised the option given him by the provisions of the lease, and had terminated the tenancy. In said proceedings a precept was duly issued and served on the defendant, returnable before the municipal

court on a day specified. On the return day the defendant did not appear, but made default; and a final order was thereupon made by the municipal court adjudging that the defendant was in default in the payment of rent, and adjudging that a warrant issue, dispossessing the defendant of the premises in question. Thereupon, and about the last of April, 1899, said warrant was issued, and the defendant was dispossessed of said premises, and since that time has not occupied the same or any part thereof. The municipal court by its judgment did not assume to determine the amount of rent due from the defendant to the plaintiff, or any other question affecting the rights of the parties, except to adjudge:

"That said tenant [defendant] holds over after default in payment of rent, without the permission of the said petitioner [the plaintiff]; that the possession of said premises be delivered to said petitioner; that a warrant issue to put him in possession of said premises; and that he recover against said tenant the sum of ninety-five cents for the costs of this proceeding."

Thereafter, and on the 31st day of May, 1899, the plaintiff brought this action in the municipal court of the city of Buffalo to recover the rent for default in the payment of which the summary proceedings above referred to were instituted, to wit, the rent for the months of March and April, 1899, amounting to the sum of $166.66. The defendant duly appeared, and by its answer denied that any rent was due or owing from it to the plaintiff, and pleaded a counterclaim of $415.25 damages alleged to have been sustained by it on account of the failure of the plaintiff to furnish power and heat to it while occupying said premises, as provided in said lease. The issues so framed were tried by the municipal court, and it found and decided that the whole amount of rent for the months of March and April, 1899, was due and owing to the plaintiff, and the plaintiff was credited with the full amount thereof; but the court also found that the defendant had sustained damages in excess of said sum to the amount of $261.91, by reason of the failure of the plaintiff to furnish power and heat as required by the lease in question, and judgment was entered accordingly and in favor of the defendant for $261.91, with $25 costs. From the judgment so entered an appeal was taken to the special term of the supreme court upon questions of law only. The judgment of the municipal court was affirmed by the special term, and from the judgment of affirmance this appeal is taken.

Upon the trial in the municipal court the evidence offered and given by the defendant for the purpose of proving its counterclaim was duly objected to by the plaintiff on the ground, in substance, that the final order in summary proceedings which was introduced in evidence was a bar to its counterclaim, and that the only question which should be litigated was the amount of rent which was due and owing to the plaintiff under the terms of the lease in question. The objection was overruled, and the evidence was received, and an exception was duly taken by the plaintiff. This objection and exception present substantially the only question involved upon this appeal.

Section 2244 of the Code of Civil Procedure provides:

"At the time when the precept is returnable * * * the person to whom it is directed * * * may file with the judge or justice who issued the

precept a written answer verified in like manner as a verified answer in an action in the supreme court, denying generally the allegations or specifically any material allegations of the petition, or setting forth a statement of any new matter constituting a legal or equitable defense or counterclaim. Such defense or counterclaim may be set up and established in like manner as though the claim for rent in such proceeding was the subject of the action."

It is the contention of the plaintiff that under this section the defendant had a right in the summary proceedings to set up and plead its counterclaim for damages, and that, having failed so to do, it is barred from pleading the same in this action, and that the final order and judgment in the summary proceedings was res adjudicata and conclusive upon the parties. The petition in the summary proceedings instituted by the plaintiff, which in all things complied with the provisions of the Code, did not demand a judgment for rent against the defendant, or ask to have the amount of rent due adjudicated or determined. It simply asked for a final order removing the tenant from the premises, and that was the only relief to which the plaintiff was entitled in that proceeding. Section 2235 of the Code of Civil Procedure prescribes who may make such petition, the facts which must be alleged to entitle the petitioner to relief, and prescribes the relief which may be obtained, to wit, "a final order to remove him or them accordingly." Section 2249 of the Code provides the scope of the final order or determination to be made by the court in such proceeding. It provides that, if the decision of the judge or justice before whom such proceeding is pending is in favor of the petitioner, such "judge or justice must make a final order awarding to the petitioner the delivery of the possession of the property. * * * If the verdict or decision is in favor of the person answering, the judge or justice must make a final order accordingly, and awarding to him the costs of the special proceeding." In none of the provisions of the Code relating to such proceedings is provision made for rendering or giving judgment in favor of the plaintiff for the amount of the rent due; nor is there any authority under the sections of the Code for rendering a money judgment in favor of the defendant, unless it may be found in section 2244 above quoted. The law relating to the municipal court of Buffalo, as amended by chapter 101 of the Laws of 1898, cannot aid the plaintiff's contention, as the final order clearly does not comply with the provisions of that law, in that it does not specify the amount of rent due. We think section 2244 cannot be so construed as to require a defendant to plead and litigate in summary proceedings any counterclaim which he may have, arising out of the relation of landlord and tenant of leased premises, and permit the recovery of a money judgment thereon, when the petitioner, as we have seen, is not permitted under the Code to recover judgment for the amount of rent due. The reasonable construction of section 2244 is that it only authorizes such defenses to be interposed as might defeat the petitioner's right to the possession of the premises, for which alone such summary proceeding is brought, or permitted by the Code. This was held to be the meaning of the section by the appellate term of the supreme court in Wulff v. Cilento, 28 Misc. Rep. 551, 59 N. Y. Supp. 525. In that case, as in this, the petitioners sought to oust their tenant for non-

payment of rent, and were met by a verified answer containing a general denial, and a counterclaim for damages alleged to be the result of a breach of the contract of lease. A final order was made, awarding possession of the premises to the landlord, and denying relief to the tenant under its counterclaim, upon the ground that, the proceeding being special and solely for possession, a money judgment might not be rendered either way, and the final order so made was affirmed. In Constant v. Barrett, 13 Misc. Rep. 249, 34 N. Y. Supp. 163, the same question was passed upon by the general term of the New York common pleas; and it was held that the amendment to section 2244 of the Code of Civil Procedure, whereby the tenant was allowed to set up a statement of any new matter constituting a legal or equitable defense or counterclaim, was made to meet some special emergency, and without any regard to the general scheme adopted in summary proceedings, and it was said by Mr. Justice Bookstaver, in writing the opinion of the court, "There is no provision anywhere for special verdicts or findings by the court or jury, and nothing authorizing a decree adjusting or enforcing the equities between the parties."

The conclusion is reached that, in summary proceedings instituted for the purpose of obtaining possession of leased premises because of the failure on the part of the tenant to pay rent, a failure on the part of the tenant to plead a counterclaim in such proceeding, arising on account of a breach of the contract of lease by the landlord, does not preclude the tenant from pleading such counterclaim in an action brought to recover the amount of rent due, and obtaining judgment therefor against the landlord. It follows that the judgment appealed from should be affirmed, with costs.

Judgment affirmed, with costs. All concur.