## SIREY v. BRAEMS.

(Supreme Court, Appellate Division, Second Department.   November 15, 1901.)

LANDLORD AND TENANT—RECOVERY OF LEASED PREMISES—SUMMARY PROCEED-
INGS—EVICTION.

In summary proceedings for possession of premises described in a
lease, the defense was eviction from the surrounding grounds.   It was
shown that when the lease was made a rough plan of the premises was
drawn, and defendant testified that plaintiff stated that all the property
represented in the plan belonged to the house and was in the lease.   This
evidence was corroborated by defendant's mother and a disinterested
witness.   Plaintiff alleged that the ground only to the extent of 8 feet
around the house was included, but it was shown that such statement
was made after the lease was signed.   She admitted certain stables were
leased, and that they were more than 8 feet from the house.   *Held*, that
a finding that the grounds were not intended to be included in the lease
was against the weight of the evidence, and plaintiff, by the eviction,
was precluded from ejecting defendant by summary proceedings.

Appeal from municipal court, borough of Queens, Third district.
Summary proceedings by Anna M. Sirey against Cecilia Braems
to recover possession of leased premises.   From a judgment in fa-
vor of the plaintiff, defendant appeals.   Reversed.

Argued before GOODRICH, P. J., and BARTLETT, WOOD-
WARD, HIRSCHBERG, and SEWELL, JJ.

Charles Haldane, for appellant.
Clarence A. Drew, for respondent.

WILLARD BARTLETT, J.   This was a summary proceeding
in behalf of a landlord to recover possession of certain property de-
scribed in the lease, which was made on February 20, 1901, as "the
house known as the 'West Arverne Villa,' comprising twenty-four
rooms, situate on Dodge avenue, facing the Atlantic Ocean, Rocka-
way Beach, borough and county of Queens, city and state of New
York, together with the stables near Dodge avenue, also the sur-
rounding grounds and lots belonging to the said described house as
it now stands."   The proceeding was instituted by reason of the
alleged default of the tenant in paying $190 rent, which was claimed
to have been due on June 15, 1901.   It was admitted that this rent
had not been paid, and the defense was an eviction of the tenant
from a portion of the demised premises.   This issue raised the ques-
tion as to the extent of the property embraced in the lease outside
the house itself.   There was a conflict of testimony on this point;
but it seems to me that the proof preponderated so strongly in fa-
vor of the tenant that it is the duty of this court to grant a new
trial, on the ground that the judgment of the court below is against
the weight of evidence.   As the demised property outside the house
was not described by metes and bounds in the lease itself, it was
proper for the trial court to receive oral evidence as to what was
said by the parties just prior to the time of the execution of the
instrument, or coincidentally therewith, in reference to the premises
which it embraced; and the record contains testimony from several
witnesses in regard to statements of the landlord in this respect.   At

the time of the principal conversation on the subject, a roughly drawn pencil plan of the premises was exhibited, and, according to the testimony of the defendant, the plaintiff then told her in substance that all the property represented within the inclosure upon that plan belonged to the house. The plaintiff admitted that this plan correctly showed the house and grounds, but testified that she told the defendant that she had not leased her all the property shown thereon, but only the ground extending to a distance of eight feet from the house. This statement, however, appears to have been made after the lease was signed. The plaintiff's claim that there was a limitation of eight feet was further disproved by her own admission that she intended to include in the lease a stable, which was certainly more than eight feet distant from the house. On the other hand the evidence of the defendant, to the effect that she was assured that the leased property embraced all the ground shown upon the plan, and that this assurance was given prior to the execution of the lease, was corroborated by the testimony of the defendant's mother, and a druggist, who drew the lease, and who was apparently a wholly disinterested witness. The plaintiff, when called in rebuttal, omitted to deny the statement of this witness that she had told the tenant before the lease was signed that she rented her the house and all the surrounding ground. It was undisputed that if the lease included the ground shown upon the plan the tenant had been evicted from a considerable portion of the ground; and the defendant invoked the rule that such an eviction not only precludes the recovery of rent accruing subsequent to the eviction and while it continues, but also suspends the right of the landlord to eject the tenant by a summary proceeding for nonpayment. People v. Gedney, 10 Hun, 151, and cases there cited. In the case cited Mr. Justice Davis said:

"The tenant having ceased by the act of his landlord to become legally liable for the rent, by a permanent occupation operating as another exclusion from a portion of the demised premises, the proceedings to remove him for nonpayment of rent cannot, we think, be upheld upon any sound principle of law."

For these reasons, I think the judgment should be reversed.

Final order of the municipal court dismissing proceedings reversed, and proceedings remitted to said court for new trial, costs to abide the event. All concur.