## JACOB v. THOMPSON.

(Supreme Court, Appellate Division, First Department. June 6, 1902.)

1. LANDLORD AND TENANT—FAILURE TO PAY RENT—DISPOSSESSION—JUDGMENT—
   CONCLUSIVENESS.
      A judgment by which a tenant was dispossessed was conclusive as to
   the existence and validity of the lease, the occupation by the defendant,
   and that rent was due, in an action by the landlord to recover the rent.

2. SAME—POSSESSION—EFFECT.
      Where a tenant goes into and retains possession under a lease, he
   cannot excuse himself from paying rent on the ground that the land-
   lord has failed to keep his covenants, nor interpose a counterclaim, where
   damages for breach of covenants are waived.[1]

      Laughlin, J., dissenting.

Appeal from special term, New York county.

Action by Emma Lawrence Jacob against J. Campbell Thompson.
From an interlocutory judgment dismissing defendant's counterclaim,
he appeals. Affirmed.

Argued before McLAUGHLIN, PATTERSON, INGRAHAM,
and LAUGHLIN, JJ.

William P. Maloney, for appellant.
Charles De Hart Brower, for respondent.

McLAUGHLIN, J. On the 20th of April, 1900, the plaintiff leas-
ed to the defendant, for the term of three years from the 1st of
May, 1900, at an annual rental of $1,800, payable quarterly in ad-
vance, certain premises consisting of a "house and outbuildings with
the land thereto belonging" at Orienta Point, Mamaroneck, West-
chester county. The lease was in writing, and among other things
contained the following stipulation: "The house is to be repapered
and painted where necessary, and gone over and put in tenantable
condition; also the house and outbuildings to be wired for electric
lights and fixtures furnished by the party of the first part." The
defendant signed the lease and entered into possession of the prem-
ises, the house and outbuildings being wired for electric lights when
he took possession, but unconnected so that the electric power could
be turned on. He was dispossessed on April 2, 1901, for failure to
pay rent, as appears from an admission made by the respective
counsel upon the trial. This action was brought to recover two
installments of rent. The defendant, by his answer, denied every
allegation of the complaint "in the manner and form as therein al-
leged," and then set forth facts constituting an equitable defense
and counterclaim, and the relief demanded was for the cancellation

[1] See Landlord and Tenant, vol. 32, Cent. Dig. § 786.

of the lease and the recovery of money damages. The equitable defense and counterclaim pleaded was, in substance, that prior to the execution and delivery of the lease it was agreed that the plaintiff would, at her own cost and charge, immediately after defendant went into possession, "procure the introduction of an electric current into said house and outbuildings along wires and fixtures which plaintiff would lay and furnish for that purpose,". so that the said house and outbuildings could be illuminated by electricity; that this provision of the agreement had not been inserted in the lease in terms through the fraud of the plaintiff, and that the defendant executed such lease by mistake, believing that such clause had been inserted therein; and that the plaintiff had failed to carry out the real agreement as made between the parties by the introduction of such electric current. The defendant did not ask to have the lease reformed by inserting in it the clause which he claimed was made prior to the execution of the writing, but at the trial the case was treated by both parties as one in which was involved, on the evidence, the right of the defendant—First, to a reformation of the lease; or, second, to an adjudication rescinding it; or, third, to a recovery of damages for the breach of the lease if it were reformed, and a provision inserted therein in accordance with the defendant's contention as to what had actually been agreed upon. The justice at special term dismissed the counterclaim, holding that the defendant had failed to prove facts which would entitle him either to a reformation of the lease or its rescission.

1. By the admission above referred to, the defendant concedes that he was dispossessed for the nonpayment of rent on the 2d of April, 1901. If this were so, then it was by a judgment procured by the plaintiff in summary proceedings, and that judgment is conclusive both as to the possession up to that time by the defendant and the rent then due from him to the plaintiff. Brown v. Mayor, etc., 66 N. Y. 385; Reich v. Cochran, 151 N. Y. 122, 45 N. E. 367, 37 L. R. A. 805, 56 Am. St. Rep. 607, and cases cited. A judgment taken by the landlord in summary proceedings for nonpayment of rent is conclusive between the parties as to the existence and validity of the lease, the occupation by the tenant, and that rent is due. Reich v. Cochran, supra. In the case cited it was held that a valid judgment obtained by a landlord in summary proceedings to dispossess a tenant for the nonpayment of rent is a bar to an action brought by the tenant against the landlord to cancel the lease between them, even if this question were not litigated or considered in the summary proceedings. Therefore, when the defendant conceded that he had been dispossessed for the nonpayment of rent, the trial justice, under the authorities cited, could do nothing but dismiss the complaint, and this irrespective of the merits as to the defendant's defense or counterclaim pleaded.

2. The counterclaim was also properly dismissed for another reason. When the defendant entered upon the demised premises under the lease, and thereafter continued in possession of them, he was obligated to pay the rent reserved, and he could not excuse himself from making such payment on the ground that the plaintiff had

failed to keep her covenant to introduce the electric current. A tenant must pay the rent reserved or move out. This does not mean that, if the defendant sustained any damage by reason of the breach of the plaintiff's covenant to introduce the electric current, he could not recover the same; on the contrary, he could have maintained an action to recover such damages, or he could have counterclaimed the same in an action brought by her to recover the rent. Kelsey v. Ward, 38 N. Y. 83; Thomson-Houston Electric Co. v. Durant Land Imp. Co., 144 N. Y. 44, 39 N. E. 7. But upon the trial the defendant expressly waived "electric power damages." The only damage claimed was the failure to introduce the electric current, and, when he had waived this, the plaintiff, upon both principle and authority, was entitled to recover the amount of rent stipulated in the lease. The counterclaim had been destroyed by the waiver, and the trial court could do nothing but dismiss it.

The judgment appealed from, therefore, must be affirmed, with costs.

PATTERSON, J., concurs. INGRAHAM, J., concurs on the last ground stated in the opinion.

LAUGHLIN, J. (dissenting). Equity forbids, and I think the law does not require, the affirmance of this judgment. The house and outbuilding were wired for electric lights according to the agreement; but the plaintiff was disappointed in her expectation of being able to bring the electric current to her premises on account of the refusal of the owner of land intervening between them and the public supply to license the erection of poles and wires. The lease, without reformation, quite clearly indicated that a material consideration was the fact that electricity was available for use on the premises; but, if that were doubtful, it has been satisfactorily shown by the testimony introduced to reform the lease. Of what use was it to the defendant to have the building wired and properly equipped for electricity if a supply of electricity could not be obtained? Is it reasonable to suppose that he intended to erect an electric light plant for his own accommodation on a three-years lease of a summer residence? The court erred in declining to reform the lease. Had it been reformed in accordance with the answer and the evidence introduced thereunder, it would then have appeared that the plaintiff contracted to bring the electric current to the premises, and connect the same with the wires strung throughout the buildings thereon, for the use of the defendant immediately after he took possession. As the lease was made April 20th, and he was to take possession May 1st, probably the limited time would not enable plaintiff to provide for the supply of electricity before defendant took possession. This covenant she failed to keep. It was a condition precedent to her right to recover rent under the lease other than the first quarterly payment, which was made in advance. The defendant took possession in ignorance of the fact that the electric light could not be connected with the wires of an electric light company which furnished electricity in the vicinity. He remained in possession and paid rent for the quarter commencing August 1st on the as-

surance of the plaintiff that she expected to overcome the difficulty and perform her agreement. After this payment, and during the same month, she abandoned all hope of complying with her agreement in this regard, and so notified the defendant, and he testified, referring to this notice, "After this conversation I moved out." I think the fair inference from this testimony is that, upon its being definitely known that the plaintiff could not perform her contract, they being unable to agree upon a modification thereof, he abandoned the premises. This inference is not overcome by the alleged admission with reference to defendant being dispossessed. It appears by the record that while the defendant had the case his counsel said to plaintiff's counsel, "Is it admitted that Mr. Thompson was dispossessed on the following April 2, 1901, for failure to pay the rent?" to which plaintiff's counsel replied, "We admit that that is a fact." If this admission on the part of the plaintiff be deemed binding on the defendant because thus called forth, it does not necessarily indicate that the defendant actually remained in possession until the date specified; but, to be consistent with the testimony to which allusion has been made, it may be construed as meaning that on that date the plaintiff took possession because of defendant's failure to pay rent. It is altogether too informal to be regarded as an admission that the defendant was dispossessed pursuant to a final order of a court of competent jurisdiction, made in a summary proceeding duly instituted, in that he had been in the actual possession and occupancy of the premises until that time. But be that as it may, this action is founded on the lease as originally made, and neither by the complaint or by the reply is the issue of waiver of her performance presented. If the court had reformed the lease, the plaintiff would be asking a judgment for the full amount of the rent without having performed her agreement to connect the electric current, which, as has been seen, was a condition precedent. She doubtless would have a cause of action for use and occupation if rent had not been paid, but not on a complaint on the lease for rent reserved. But she has been overpaid, and for more than the time the defendant actually occupied the premises. The alleged waiver of "electric power damages" prevented an affirmative recovery or offset of such damages by the defendant, but it in no manner overcomes this obstacle to a recovery on the part of the plaintiff. It was not a waiver of the breach of plaintiff's covenant, but only of any claim the defendant might have for affirmative relief therefor. The defendant did not subsequently ratify the lease, and his remaining in possession and paying rent was not, under the circumstances, either a waiver or ratification. Lamare v. Dixon, 43 Law J. Ch. 203.

These views require that the judgment should be reversed, and a new trial granted, with costs to appellant to abide the event.