JEFFERSON REAL ESTATE CO. v. M. L. HILLER & SONS et al. (two cases).

(Supreme Court, Appellate Term. November, 1902.)

1. LANDLORD AND TENANT—ACTION FOR POSSESSION—DEFENSES—BREACH OF COVENANTS IN LEASE.

Code Civ. Proc. § 2244, provides that in summary proceedings to recover real property a verified answer may be interposed "setting forth a statement of any new matter constituting a legal or equitable defense or counterclaim"; and Laws 1893, p. 1750, c. 705, provides that such defense or counterclaim may be set up as though the claim for rent was the subject of the action. *Held*, that since a breach of covenant to repair was not available as a defense in an action for rent, but could be pleaded only as a set-off, a breach of such covenant, not pleaded as a counterclaim in an action for possession, was not available as a defense to such action.

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by the Jefferson Real Estate Company against M. L. Hiller & Sons and others to recover possession of real estate. From orders awarding possession, defendants appeal. Affirmed.

Argued before FREEDMAN, P. J., and BLANCHARD and Mac-LEAN, JJ.

Weill & Weill, for appellants.

T. H. Friend, for respondent.

BLANCHARD, J. These are appeals from final orders made in the Municipal Court of the City of New York, awarding possession of the premises to the landlord after the default of the tenant in the payment of rent. The actions were brought to recover possession of the premises demised for failure of the tenant to pay two separate installments of rent due under the terms of the lease. Verified answers were interposed by the tenant, which did not deny any of the allegations of the petitions, but which set up the breach by the landlord of covenants of the lease under which the tenant was in possession. These covenants provided "that the landlord shall put the said building, including all machinery and boilers therein, or appurtenant thereto, and all the steam heating pipes in said building, in first-class and tenantable condition and running order and repair," and "that all such work, alterations, and repairs shall be made in accordance with the New York municipal and state laws, and shall be fully made and completed before the commencement of the term of lease demised." The answers then proceeded to set forth the items of damage and pray for a final order dismissing the petition of the landlord. These facts are not set forth as counterclaims, nor is affirmative relief asked.

Judgment was granted upon the pleadings in favor of the landlord, and the tenant has appealed. The question presented is whether, conceding the statements in the answer to be true, was there anything pleaded which, if established, would defeat the petition. By section 2244 of the Code of Civil Procedure it is provided that in summary proceedings a verified answer may be interposed "setting forth a state-

ment of any new matter constituting a legal or equitable defense or counterclaim." And there was added to this by chapter 705, p. 1750, Laws 1893, the following provisions: "Such defense or counterclaim may be set up and established in like manner as though the claim for rent in such proceeding was the subject of an action." The question, then, first to be determined is, what might be available as defense to an action for rent?

In connection with this, the language of Chief Judge Andrews, in the case of Thomson-Houston Electric Co. v. Durant L. & Impt. Co., 144 N. Y. 34, 43, 39 N. E. 7, where the covenants of a lease were under consideration, may be quoted:

"The covenant on the part of the lessee to pay the rent and charges specified in the lease, and on the part of the lessor to deliver the demised premises to the lessee at the commencement of the lease in 'a sound and substantial condition, and in a state of good repair,' and also to make, as soon as practicable, all changes and alterations 'required at any time during the term by any present or future law, ordinance, or authority whatsoever,' were distinct and independent covenants. The plaintiff, having entered upon the demised premises under the lease, and continued in possession, was bound to pay the rent reserved, and he could not defend on the ground that the covenant on the part of the lessor to put the premises in repair, or to make changes or alterations required by municipal or other legal authority, had not been performed. On the other hand, the lessor, when sued on his covenants, could not allege, in bar to the action, that the lessee had remained in possession of the premises. But either one, in an action brought against him by the other, could counterclaim any demand arising under the lease against the plaintiff in the action. The tenant in a suit for the rent could recoup any damages for a breach of the covenants to repair, and the landlord, if sued by the tenant for a breach of the covenants on his part, could counterclaim the rent reserved by the lease."

Here, then, is a clear statement of the law as to the respective rights of landlord and tenant in connection with the matter of covenants as applicable to the present case. This principle has recently been reaffirmed in Jacob v. Thompson, 73 App. Div. 224, 227, 76 N. Y. Supp. 802, and applied to a case of summary proceedings in Douglas v. Chesebrough B. Co., 56 App. Div. 403, 404, 67 N. Y. Supp. 755.

It may be stated, then, that a breach of the covenants in the lease by the landlord not being an excuse for the failure of the tenant to pay rent affords no defense in an action to recover possession of the demised premises, but, if accompanied by damages flowing from the breach, these damages are a proper subject of counterclaim. A counterclaim may be interposed in a summary proceeding to recover possession of demised premises (Sage v. Crosby, 33 Misc. Rep. 117, 67 N. Y. Supp. 139); but no affirmative money judgment can be awarded to either party (Wulff v. Cilento, 28 Misc. Rep. 551, 59 N. Y. Supp. 525; Gay v. Riehmann M. Co., 53 App. Div. 507, 65 N. Y. Supp. 964).

The tenant contends that, because no affirmative money judgment can be awarded, therefore it is improper to set up the damages by way of counterclaim, but that it is proper as a defense. But this inference cannot properly be indulged in. The damages should be offset by way of counterclaim to the extent of the claim of the landlord, and if the damages are in excess of such claim the excess may still be recovered in another action. Gordon v. Van Cott, 38 App. Div. 564, 56 N. Y. Supp. 554.

It follows, therefore, that, while the subject-matter of the answers was a proper consideration as a counterclaim to this action, still, not being set up as such, the action of the Municipal Court.in granting the final orders was proper, and the orders should be affirmed, with costs.

Final orders affirmed, with costs. All concur.