(46 Misc. Rep. 268)

### S. LIEBMANN'S SONS BREWING CO. v. DE NICOLO.

(Supreme Court, Appellate Term.  January 17, 1905.)

1. SET-OFF AND COUNTERCLAIM—PLEADING.
   A separate and distinct cause of action for damages remains a counterclaim, though termed in the answer a set-off, which may only arise when the demands of both parties are liquidated, or ascertainable by calculation.

2. LANDLORD AND TENANT—SUMMARY PROCEEDINGS—DEFENSES.
   In proceedings by a landlord to dispossess for nonpayment of rent, a claim that the landlord had violated the provision of the agreement for renting that he would keep a liquor license in force for the tenant is not available as a defense.

3. SAME—ESTOPPEL—ISSUANCE OF LICENSE.
   The landlord, by obtaining the issuance of a liquor license for the rented premises in the name of one person, is not estopped from asserting the tenancy to be in another.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Summary proceedings by S. Liebmann's Sons Brewing Company against Antonio De Nicolo.  From a judgment dismissing the petition after verdict, plaintiff appeals.  Reversed.

Argued before SCOTT, MacLEAN, and DAVIS, JJ.

Liebmann & Naumberg, for appellant.
Charles G. F. Wahle, for respondent.

MacLEAN, J.  In proceedings to obtain possession of premises on default of payment of $833.33 rental for June to October, inclusive, 1904, Nicolo, designated as tenant, pleaded a general denial, Cutter, designated as undertenant, the like, and "for a further and distinct defense and by way of counterclaim" alleged that he was the tenant at a yearly rental of $2,000, which he had always paid promptly; that he had so become under a mutual agreement on April 30, 1904, whereby he was to sell the landlord's beer only, and

the landlord was to furnish him money for a liquor license, and keep it in force for a year, but that the landlord in June had seized the certificate issued to him (Cutter) April 26th, and surrendered it to the commissioner of excise, and further refused the requisite consent to his obtaining another, by which breach of the agreement he had been damaged $10,000, and for that sum he prayed judgment, besides dismissal of the petition. So soon as the jury was impaneled, counsel for Nicolo and Cutter moved to strike from Cutter's answer the words "and for a counterclaim," and in lieu of "for the sum of ten thousand dollars" in the prayer to insert "for offset and credit as aforesaid, and for such other and further relief as the court may deem just." This was granted, over the objection, with exception, that the pleading, whether called a counterclaim or defense, was improper. Counsel for the petitioner then moved to dismiss the pleading, whatever termed, because not a proper defense in a proceeding to dispossess for nonpayment of rent.

Calling it so did not make the allegation a set-off, which may only arise when the demands of both parties are liquidated, or capable of being ascertained by calculation. Batterman v. Pierce, 3 Hill, 174. It remained a counterclaim, which is a separate and distinct cause of action, balancing in whole or in part that proved by the plaintiff (Walker v. American Cent. Ins. Co., 143 N. Y. 169, 38 N. E. 106), and was thus recognized by the learned justice, who remarked, "The counterclaim is allowed to stand as amended by the tenant." Inasmuch as only defenses showing that the petitioner's claim has not legal existence may be interposed in such a proceeding (Gay v. Riehmann M. Co., 53 App. Div. 507, 65 N. Y. Supp. 964; Wulff v. Cilento, 28 Misc. Rep. 551, 59 N. Y. Supp. 525), the denial of the motion was reversible error, an error later aggravated. When the petitioner rested, the proceedings as against Cutter were dismissed on motion of his counsel and on consent of counsel for the petitioner. As the first and chief witness there came Cutter, who was allowed to testify respecting most of the things set up in his "further and distinct defense," particularly as to the issuance to him of the liquor tax certificate, and to its subsequent seizure. The evidence thus erroneously admitted tended to distract the jury from the one issue whether Nicolo was a tenant in possession, to prejudice by an appearance of harsh action toward Cutter, and to justify a contention, made below and on this appeal, that the issuance, under the circumstances testified to, of a license to Cutter, estopped the petitioner from asserting the tenancy to be in anybody but Cutter—a contention which the certificate was not evidence to support (Furey v. O'Connor [Sup.] 85 N. Y. Supp. 324), but which the learned justice adopted in a part of his charge made on request of the tenant's counsel and excepted to by counsel for the petitioner. These errors suffice for reversal, without considering the paucity of evidence given for the tenant, if any were left after Nicolo and Cutter were confronted by their contradictory declarations, or animadverting upon the incongruity of the defense which began by a proffer to the petitioner on Cut-

ter's behalf and deposit in court of $833.33, payment of the rental in default, though Cutter in his verified pleading averred that he had paid the rent promptly.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.