## Montgomery v. Blocher.

(Decided March 24, 1922.)

### Appeal from Daviess Circuit Court.

1. Landlord and Tenant—Repairs.—In the absence of a contrary agreement the law imposes no duty to repair upon the landlord renting premises for a term.
2. Forcible Entry and Detainer—Parol Evidence.—In forcible detainer proceedings the tenant may vary the terms of the written lease by parol evidence of a provision omitted by mutual mistake and have that question decided by the jury upon conflicting evidence, if a defense is thereby presented.
3. Landlord and Tenant—Mistake of Draftsman of Lease.—The fact that a mutual mistake as to the applicable law induced the omission rather that a mistake of the draftsman of the lease does not alter the right.
4. Forcible Entry and Detainer—Repairs—Restitution.—That the landlord has violated his covenant to keep the premises in good repair, and thereby damages have resulted to the tenant, is no defense to restitution by forcible detainer for nonpayment of rent as provided in the lease, unless the tenant has been evicted from some portion of the premises by such failure to repair.

FLOYD J. LASWELL and W. F. HAYES for appellant.

JAMES J. SWEENEY and LOUIS I. IGLEHEART for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

This is a forcible detainer proceeding and the lessee attempted on the trial in the circuit court to avoid restitution of the premises, as provided for in the lease for the nonpayment of rent, by proof of a breach by the lessor of a verbal agreement to repair, claimed to have been omitted from the lease by mutual mistake. At the conclusion of the evidence the court sustained the lessor's motion for a directed verdict and rendered judgment of restitution from which the lessee appeals.

Failure to pay rent as stipulated was admitted by the lessee and by the terms of the written contract the lessor

was entitled to possession as is clear and not denied by counsel for appellant. They contend, however, that the court should have submitted the case to the jury since there was proof that at the time the written contract was prepared and before it had been signed the lessor agreed to make all necessary outside repairs; that he had not done so, and that this agreement was omitted from the lease by mutual mistake. But they do not suggest what issue of fact could have been submitted to the jury, and very plainly there was none.

The evidence shows without contradiction that plaintiff agreed to make necessary repairs to the outside of the leased building and that this agreement was omitted from the lease because of the mutual belief of the parties that such was his duty under the law and that it was therefore unnecessary to so provide in the contract. In this belief they were mistaken as the law, in the absence of contrary agreement, imposes no duty to repair upon the landlord. Proctor v. Keith, 12 B. Mon. 252; Helburn v. Mofford, 7 Bush 169; Thomas v. Conrad, 25 R. 1630; Logan v. Langan, 145 Ky. 599.

It has been held by this court that in forcible detainer proceedings the defendant under his plea of not guilty may vary the terms of a written lease by parol evidence of a provision omitted by mutual mistake and have that question submitted to a jury on conflicting evidence if a defense is thereby presented (Aufenkamp v. Storch, 138 Ky. 104); and that the fact a mutual mistake as to the applicable law induced the omission rather than a mistake of the draftsman in the preparation of the lease does not affect the right. Lear, &c. v. American Bonding and Trust Co., 182 Ky. 637, 206 S. W. 884.

Under these authorities, as there was no conflict in the evidence, it was the duty of the court to hold as matter of law that the omitted agreement to repair was a part of the rental contract; and it was certainly a question of law for the court to decide, whether the violation of this covenant by the plaintiff defeated his contract right to eject the defendant for his admitted refusal to pay rent.

It is therefore clear that the court did not err in taking the case from the jury, and the only remaining question is whether or not he correctly held that notwithstanding plaintiff's failure to repair as agreed, he was entitled to enforce the agreed upon restitution for failure to pay rent. This question has not been presented

to this court heretofore, but it has been passed upon many times by other courts. This court has, however, decided that where the rental contract is verbal and unenforcible under the statute of frauds, the landlord can not by forcible detainer recover possession until he has reimbursed the tenant for improvements placed upon the property under the unenforcible contract (O'Neal v. Orr, 5 Bush 650; Dedman v. McNally, 14 R. 229); or where after expiration of the term he stands by and sees the tenant make expensive arrangements for another like term. Irvine v. Scott, 85 Ky. 260.

Conceding that none of these cases reach the question here presented, counsel for defendant insist they nevertheless "clearly point the way to a proper decision" of it. To this conclusion we are unable to assent, since in each of them the decision is founded upon an estoppel in the absence of, rather than contrary to, a valid agreement by the parties as to possession. We readily concede that there is no substantial difference in the right of possession given plaintiff here by valid agreement of the parties and that given the plaintiffs in those actions by law, but a very substantial difference does exist in the facts upon which estoppel was based in those cases and upon which it is asserted here.

In each of them the plaintiff, although clothed with the legal right of possession, tacitly or expressly consented to the defendant's continuance in possession and thereby induced him to alter his position to such an extent that an assertion by the plaintiff of his contrary legal right would work an unconscionable injury upon the defendant, who had acted in good faith, and who, if dispossessed, would be left without means of redress for a wrong imposed by the other party's bad faith.

There was therefore present in those cases every element upon which the doctrine of equitable estoppel is based, but not so here. The defendant's liability to be dispossessed is the result of his refusal to comply with his own agreement upon which alone the parties have validly stipulated the right of possession shall depend; and the ordinary processes of law afforded him ample means for redress for plaintiff's violation of his agreement to repair, which is not shown to have deprived defendant of the use and occupancy of any part of the rented premises. In these facts we find no element upon which estoppel could be rested, although the damages sustained could be asserted of course in a proper proceeding as counter-

claim or set-off against the landlord's claim for rent, which is not asserted here and can not be asserted in this kind of action under our statutes.

As heretofore stated, other courts have held that the fact a landlord has violated a covenant in the lease to keep the premises in good repair, and that thereby damages have resulted to the tenant, is no defense to restitution by forcible detainer for non-payment of rent as provided in the lease. The precise question was so decided in Peterson v. Krueger, 67 Minn. 449, 70 N. W. 567; Phillips v. Port Townsend Lodge, 8 Wash. 529; and to the same effect are Van Every v. Ogg, 59 Cal. 563; Finney v. Cist, 34 Mo. 303; Platt v. Cutter, 75 Conn. 183; Durant Land Imp. Co. v. East River El. Light Co., 6 N. Y. Supp. 659; Liebman's Sons Brew. Co. v. De Nicolo, 91 N. Y. Supp. 791; Jefferson Real Estate Co. v. Hiller & Sons, 81 N. Y. Supp. 374; Huff v. Markham, 70 Ga. 284; Maliek v. Kellogg, 118 Wis. 405; Tiffany's Landlord and Tenant, volume 2, page 1766.

Citing some of these cases in his comprehensive note on Forcible Detainer at page 62 in 120 A. S. R., Mr. Freeman expresses his dissent from the doctrine announced therein upon the theory that:

"Where the nonperformance of some duty or the breach of some covenant, makes the value of the premises substantially less to the tenant, and therefore amounts to a partial eviction, it exonerates him from the obligation to pay rent and he can not be held in default for not paying it, nor compelled to yield possession because he does not, and this may be used as a defense though the proceeding is in unlawful detainer."

In support of his contention he cites Wilcoxen v. Hybarger, 1 Ind. Ter. 138, 38 S. W. 669; Witte v. Quinn, 38 Mo. App. 681; Sirey v. Braems, 65 App. Div. 472, 72 N. Y. Supp. 1044; Hamilton v. Grayhill, 19 Misc. Rep. 521, 43 N. Y. Supp. 1079, 26 N. Y. Civ. Pro. 184. But in each of these cases the tenant was evicted by the landlord of a portion of the leased premises, and it was upon this fact that it was held the tenant was relieved of paying the stipulated rent, as under such circumstances it seems to us was eminently proper. In the case at bar, however, the tenant was not deprived of the use and occupancy of any portion of the premises, and this kind of an action, designed to try simply and speedily the question of possession, does not in our judgment afford the means for deciding whether or not repairs were necessary and of

adjusting the losses that may have resulted from a failure to repair if repairs were necessary. Such matters ought to be decided in an ordinary proceeding where offsets and counterclaims are admissible and to allow their injection into such a proceeding as this would destroy its use for the purpose for which alone it was designed and divert it to uses never intended.

Judgment affirmed.