**R. F. JOHNSON, Appellant,**

v.

**Agnes Smith HAYNES, Appellee.**

Court of Appeals of Kentucky.

Dec. 11, 1959.

Baxter Arnett, Ashland, for appellant.

Robert P. Woods, Porter M. Gray, Ashland, for appellee.

STEWART, Judge.

This is an appeal from a judgment upon a directed verdict of the Boyd Circuit Court by which appellant, R. F. Johnson, was found guilty of forcible detainer as complained of by appellee, Agnes Smith Haynes.

Appellee's former husband, William D. Haynes, Jr., leased his building located at 3301 Winchester Avenue in Ashland, on May 16, 1955, to appellant for $100 per month, for one year, with an option to release the premises for a three-year term at the same figure. An additional option permitted appellant to buy at $11,500 the property during the lease period. The contract also provided that Haynes was to keep the roof of the building in repair so as to eliminate any leaks therefrom; and a further condition contained therein was that appellant would vacate the premises without demand or notice whenever any installment of rent became past due and unpaid.

Appellant began paying rent immediately upon the execution of the lease, and when appellee obtained title under a deed dated October 26, 1956, from her ex-husband, Haynes, appellant remitted the rent to her up until December, 1957. He failed to meet the installments that fell due on December 15, 1957, and on January 15, 1958. On February 5, 1958, appellee filed a forcible detainer proceeding against appellant in the Boyd County Court in conformity with the requirements of KRS 383.210(1). Appellant made no defense thereto and after an inquisition judgment of restitution was entered for appellee. Thereafter appellant filed in due time a traverse of the inquisi-

tion which advanced the case to circuit court.

At the trial in the latter court appellant undertook to excuse his nonpayment of rent on the ground that appellee broke the lease agreement by failing to repair the roof of the building, thus allowing the premises to become untenantable, so that he was compelled to move his business therefrom. However, in a letter dated September 2, 1957, appellant admitted that, although he no longer transacted his business in the building he continued to use it for storage purposes a good portion of the time, and no complaint was then made that the building was in bad condition or that he had moved for that reason.

Appellant conceded he had paid nothing to appellee since November 15, 1957, and a letter written by his attorney on December 14, 1957, was introduced which stated that he would not advance any more rent until the roof was fixed. This letter, according to appellee's testimony, was the only notice she had received that the building needed any repairs. This communication also disclosed that appellant was claiming as a credit for past due rent the sum of $110 paid by him for repair work performed on the building before appellee obtained title to the property.

After the evidence was heard, on motion of appellee a directed verdict was given in her favor. On this appeal from the judgment entered, appellant claims the trial court erred in taking the case from the jury.

■ May appellant avoid restitution of the premises, which is provided in the lease for the nonpayment of rent, by proof of a breach by appellee of an agreement to keep the roof of the leased building in repair? We state the question broadly in order that, when answering it, full consideration may be given, in the light most favorable to appellant, to the evidence introduced in his behalf.

The inquiry posed has been passed upon and answered adversely to appellant in the case of Montgomery v. Blocher, 194 Ky. 280, 239 S.W. 46. The pertinent facts in that case are almost identical with those in the instant case. There Blocher proceeded by forcible detainer against Montgomery to evict the latter from certain premises because of nonpayment of rent. Montgomery entered a plea of not guilty on the theory that, pursuant to an oral agreement omitted from the written lease by mutual mistake, Blocher had obligated himself to keep the outside of the leased building in repair. It was alleged Blocher had failed and refused to repair as he had agreed to do and, in consequence, that Montgomery could not be held liable for rent so long as Blocher defaulted in compliance with his duty under the contract.

The lower court held, first, the provision to repair was a part of the agreement because it had been omitted from the rental contract by mutual mistake; held, next, it was a question of law for the court to decide whether the violation of the repair covenant by Blocher defeated his contract right to eject Montgomery for his admitted failure to pay rent; and held, finally, Blocher was entitled to enforce the agreed upon restitution for failure to pay rent, notwithstanding his dereliction in keeping up repairs on the rented building.

This Court, in affirming the foregoing rulings of the lower court, said: "The defendant's liability to be dispossessed is the result of his refusal to comply with his own agreement, upon which alone the parties have validly stipulated the right of possession shall depend; and the ordinary processes of law afforded him ample means for redress for plaintiff's violation of his agreement to repair, which is not shown to have deprived defendant of the use and occupancy of any part of the rented premises. In these facts we find no element upon which estoppel could be rested, although the damages sustained could be asserted, of course, in a proper proceeding as counterclaim or setoff against the landlord's claim for rent which is not asserted here and cannot be asserted in this kind of action, under our statutes."

The foregoing excerpt emphasized again the fundamental concept of law underlying every forcible detainer proceeding, namely, that it is strictly possessory in its nature, with the result that ordinarily the right to possession is all that is involved or can be determined in such an action. It is not exclusive but is cumulative of any other relief that a party may seek. Thus it does not supersede any other available remedy a litigant may choose to resort to. See 36 C.J.S. Forcible Entry and Detainer § 3, pp. 1146–1147.

Wherefore, the judgment is affirmed.